KILROY, Appellant,

v.

B.H. LAKESHORE COMPANY, Appellee.

[Cite as *Kilroy v. B.H. Lakeshore Co.* (1996), 111 Ohio App.3d 357.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69391.

Decided May 28, 1996.

*Martin G. Kilroy, pro se.*

*Conway, Marken, Wyner, Kurant & Kern Co., L.P.A.,* and *Michael R. Stavnicky,* for appellee.

O'DONNELL, Judge.

Martin G. Kilroy, *pro se,* appeals a $2,250 judgment of the Euclid Municipal Court against him in favor of B.H. Lakeshore Company, the landlord, on its claims for leasehold damages after Kilroy filed suit to recover his $750 security deposit.

This is the second time the parties have litigated issues relating to this lease. On March 3, 1994, Lakeshore sued Kilroy for unpaid rent which Kilroy withheld because Lakeshore failed to make repairs to the premises. The trial court resolved that case when the parties signed an agreed judgment entry dated July 11, 1994 which provided for a payment schedule for the rent due to Lakeshore, a mutual release of damages to the premises as of the date of the judgment entry, and the termination of the lease on September 30, 1994. Neither party appealed from that judgment.

In this action, Kilroy sued Lakeshore on February 13, 1995, to recover his $750 security deposit. In response, Lakeshore counterclaimed for damages to the property which it alleged had occurred subsequent to the resolution of the first case.

This matter was heard by a referee, who, after a hearing, made no specific findings but recommended judgment in favor of Kilroy on the security deposit claim in the sum of $750 and in favor of Lakeshore on its counterclaim in the sum of $2,250 and attached twenty-five exhibits in support thereof. Kilroy objected to that recommendation, but never filed an affidavit or transcript with the trial court.

On June 28, 1995, the trial judge approved and confirmed the referee's report and entered its own judgment in accord with the recommendation. Kilroy now timely appeals, assigning five errors for our review.

I

The first assignment of error states:

"The trial court erred in adopting the report of the referee where the referee failed to support his recommendation with a report of the facts."

Kilroy complains that the referee failed to make findings of fact in his report about the evidence presented at hearing and therefore the court erred in adopting his report.

Lakeshore suggests that Kilroy failed to submit a transcript or an affidavit in support of his objections to the referee report as provided by Civ.R. 53(E)(6) and hence failed to make a proper objection to the referee's report.

Thus, the issue presented for our review is whether the trial court erred in adopting the report of the referee.

This case presents for our review two competing deficiencies in the handling of this matter in the municipal court, one concerning the report of the referee and the other concerning the manner in which appellant presented objections for review.

Civ.R. 53E(1) states concerning the referee's report:

"The referee shall prepare a report upon the matters submitted by the order of reference."

Further, concerning the duty of a referee, the court in *Garcia v. Tillack* (1983), 9 Ohio App.3d 222, 9 OBR 372, 459 N.E.2d 918, stated:

"Civil Rule 53 requires the referee to prepare a report which contains such factual information as may be necessary to support the findings and recommendations made. The trial judge is then required to review the report and make an independent analysis of the underlying facts involved in the dispute."

And, finally, *Bedard v. Lockbourne* (1990), 69 Ohio App.3d 452, 590 N.E.2d 1327, the court affirmed the judgment of a trial court which adopted a referee's report and stated:

"The referee's report was not ideally prepared but it contained the essential findings and conclusions."

Here, the referee held a hearing and prepared a report which did not contain any specific findings, but did make a recommendation to the court supported by twenty-five attached exhibits.

Kilroy filed objections to the referee's recommendation, but failed to provide a transcript or affidavit in support of his position. Thus, at the time the trial court considered the recommendation of the referee, the only evidence before the court was that contained in the report.

Civ.R. 53(E)(6) states:

" * * * The court may adopt any finding of fact in the referee's report without further consideration unless the party who objects to that finding supports that objection with a copy of all relevant portions of the transcript from the referee's hearing or an affidavit about evidence submitted to the referee if no transcript is available."

■ The issue presented then becomes whether Kilroy's failure to present evidence to the trial judge precluded appellate review.

In *Normandy Place Assoc. v. Beyer* (1982), 2 Ohio St.3d 102, 2 OBR 653, 443 N.E.2d 161, the court stated in its syllabus:

"The filing of a Civ.R. 53(E) objection to a referee's report is not a prerequisite for appellate review of a finding or recommendation made by a referee and adopted by a trial court."

Further, in *Proctor v. Proctor* (1988), 48 Ohio App.3d 55, 548 N.E.2d 287, the court there held that the mere failure to submit a transcript or affidavit in support of an otherwise properly made objection to a referee report does not preclude appellate review but in the absence of either, the review is limited to whether the trial court abused its discretion.

Finally, in *Purpura v. Purpura* (1986), 33 Ohio App.3d 237, 515 N.E.2d 27, our court in considering a similar issue, stated at 239, 515 N.E.2d at 29:

"Although the wife objected to the referee's report, she provided no transcript of the referee's hearing or other evidentiary material to contest the referee's findings. Consequently, the trial court could properly adopt the referee's factual findings without further consideration. Civ.R. 53(E)(6)."

Our review in this case then concerns the propriety of the trial court in approving the recommendation of the referee, which was supported by twenty-five exhibits, where the appellant has objected but not filed a transcript or affidavit to contravene the recommendation. In accordance with *Purpura* and Civ.R. 53, we believe that in this instance, where the trial court had the opportunity to review the exhibits, the court did not err or abuse its discretion in approving the recommendation despite the lack of specific factual finding by the referee. Accordingly, this assignment of error is overruled.

Assignments of error two, three, and four share a basis in law and fact and therefore will be treated together. They state as follows:

## II

"Pursuant to the doctrine of *res judicata,* the trial court erred in apparently awarding damages for a cracked window since the landlord had waived damages in a previous settlement adopted by the court between the parties."

## III

"If the trial court awarded damages for the cracked window, the trial court erred because the landlord is liable for such damage by the terms of the written lease."

## IV

"The trial court erred in refusing the plaintiff tenant the opportunity to present evidence against the landlord's counterclaim after the landlord rested his case-in-chief."

Kilroy believes that the lower court judgment includes damages for a cracked window, which he maintains is *res judicata* because it was decided in the first case, and further complains that the trial court denied him the opportunity to present evidence in response to Lakeshore's counterclaim for damages.

Lakeshore urges affirmance of the trial court's judgment, asserting that *res judicata* does not apply in this case and that Kilroy failed to preserve these objections for appeal.

The issue presented by these assignments of error concerns whether the trial court erred when it approved and confirmed the report of the referee.

Our review of these alleged errors is governed the Ohio Rules of Appellate Procedure, which place the burden upon an appellant to evidence error on appeal. Specifically, App.R. 9(B) states:

"If there is no officially appointed reporter, App.R. 9(C) or 9(D) may be utilized. If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion. * * *" See, also, *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 19, 520 N.E.2d 564, 565:

"Upon appeal of an adverse judgment, it is the duty of the appellant to ensure that the record, or whatever portions thereof are necessary for the determination of the appeal, are filed with the court in which he seeks review."

Further, we are mindful of *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 219–220, 400 N.E.2d 384, 385, where the court stated:

"The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See *State v. Skaggs* (1978), 53 Ohio St.2d 162 [7 O.O.3d 243, 372 N.E.2d 1355]. This principle is recognized in App.R. 9(B), which provides, in part, that ' * * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *.' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume validity of the lower court's proceedings, and affirm."

In this case, Kilroy failed to provide our court with a verbatim transcript of the proceedings below or to comply with App.R. 9(C) or 9(D), which allow for a statement of evidence or proceedings when a verbatim transcript is not available.

Since it is the duty of an appellant to ensure that the record is filed with the court in which he seeks review and since Kilroy has failed in this regard, he cannot prevail on these assignments of error.

Accordingly, we are constrained to follow the directives of App.R. 12(A)(2), which states:

"The court may disregard an assignment of error presented for review if the party raising if fails to identify in the record the error on which the assignment of error is based * * *."

Here, we have no independent basis upon which to review these claims. In accordance with App.R. 12, we shall disregard these assignments of error.

## V

Kilroy's fifth assignment of error states:

"The court below erred in referring the case to a referee. The referee erred in failing to record the proceedings."

Kilroy complains the trial court denied him the right to a jury trial by referring this matter to a referee. In support of his position, he cites Civ.R. 53, which provides that a court may refer a case to a referee where the parties are not entitled to a trial by jury or the parties mutually agree. Kilroy complains that he did not give up his right and that he is entitled to a jury trial in this instance.

Lakeshore contends that the trial court did not err in referring this matter to a referee because Kilroy waived his right to jury trial by not requesting a jury at the time he filed his complaint as required by Civ.R. 38.

The issue presented for our review is whether the trial court committed reversible error in referring the case to a referee if Kilroy was entitled to a trial by jury in this matter.

■ While Kilroy claims entitlement to trial by jury, as a *pro se* litigant he is presumed to have knowledge of the law and of correct legal procedure and is held to the same standard as all other litigants. He cannot expect or demand special treatment from the judge, who is to sit as impartial arbiter.

In this instance, Civ.R. 38(B) provides:

"Demand. Any party may demand a trial by jury on any issue triable of right by a jury by serving upon the other parties a demand therefor at any time after the commencement of the action and not later than fourteen days after the service of the last pleading directed to such issue. Such a demand shall be in writing and may be indorsed upon the pleading. * * *"

And Civ.R. 38(D) provides:

"Waiver. The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(D) constitutes a waiver by him of trial by jury. * * *"

The record before us reflects that Kilroy failed to demand a jury and therefore did not comply with the directives of Civ.R. 38. Hence, by application of Civ.R. 38, the trial court properly deemed that right waived.

■ Finally, Kilroy complains that the referee should have recorded the proceedings conducted in this instance.

In *White v. White* (1977), 50 Ohio App.2d 263, 263, 4 O.O.3d 225, 225, 362 N.E.2d 1013, 1015, our court stated that Civ.R. 53(C) places an affirmative duty upon a party who wants a court reporter to record the evidence at a hearing before a referee to file a written motion requesting a court reporter to make a record of the evidence.

The record before us reflects that Kilroy failed to affirmatively request a record as required by Civ.R. 53(C) and, hence, he waived his right in this regard.

Accordingly, we find no merit to Kilroy's arguments in this assignment of error and therefore find that the trial court did not err in having the matter heard by a referee or by not recording the proceedings. Hence, this assigned error is overruled.

In conformity with the analysis herein, the judgment of the trial court is affirmed.

*Judgment affirmed.*

DYKE, P.J., concurs.

McMONAGLE, J., concurs in part and dissents in part.

TIMOTHY E. McMONAGLE, Judge, concurring in part and dissenting in part.

I concur in part and dissent in part with the opinion of the majority in the matter before us.

I concur with the majority in affirming the determination of the trial court in the appellant's fifth assignment of error, and I find that there was no error by the court below in referring the matter to the referee for hearing. Further, I find that the court did not commit error in failing to record the proceedings.

Additionally, I agree with the majority that the record in this case is insufficient for us to review the claimed errors in the appellant's Assignments of Error Two, Three and Four. In accordance with App.R. 12(A)(2), we should disregard these claimed errors of the court below.

However, I must dissent from the majority in its determination that the trial court did not abuse its discretion when it approved the report of the referee.

In the matter before us, a hearing was held and the evidence was presented to the referee. The report of the referee was issued, and appellant filed his objections, which included the failure of the referee to make findings of fact sufficient to support the "findings and recommendations." The trial court approved and confirmed the report of the referee. Appellant's objection to the report of the referee was filed without supporting affidavit or transcript. Civ.R. 53(E)(6) states:

"The court may adopt any finding of fact in the referee's report without further consideration unless the party who objects to that finding supports that finding with a copy of all relevant portions of the transcript from the referee's hearing or an affidavit about evidence submitted to the referee if no transcript is available."

Appellee contends that the appellant failed to make a proper objection to the referee's report by failing to submit either a transcript or an affidavit to support his objections. Failure to submit a transcript or an affidavit is not fatal to this appellant; it merely changes the standard of review on appeal.

The sufficiency of a referee's report may be the basis for an appeal even where the appellant fails to submit a transcript or affidavit. Where a trial court adopts the report of a referee over the unsupported objection filed, the standard, upon

appellate review, is abuse of discretion of the trial court. See *Proctor v. Proctor* (1988), 48 Ohio App.3d 55, 60, 548 N.E.2d 287, 292–293.

Although I agree that the majority used the proper standard in this case, I do not agree with the holding of the majority that the trial court did not abuse its discretion in this case in accordance with *Purpura v. Purpura* (1986), 33 Ohio App.3d 237, 515 N.E.2d 27, and Civ.R. 53. *Purpura, supra,* stands for the proposition that the failure to provide a transcript or other evidentiary material to contest the referee's findings allows the trial court to adopt the referee's factual findings without further consideration. The reliance of the majority on *Purpura* is misplaced.

In *Purpura,* the referee's report contained findings of fact to which the wife objected. The wife failed to support her objections with evidentiary materials. The court held, in consideration of Civ.R. 53(E)(6), that because she failed to provide a transcript or other evidentiary materials, the trial court could properly adopt the referee's factual findings without further consideration. Such is not the case here.

The "findings" of the referee at issue herein stated *in toto:*

"Findings

"This matter came on to be heard this 13th day of June, 1995. Present were plaintiff Kilroy *pro se* and defendant counter claimant B.H. Lakeshore through it's [*sic* ] Building Manager and counsel.

"Plaintiff offered three witnesses and defendant one. Both sides offered extensive exhibits which were admitted and are attached.

"Careful attention was given to the evidence presented and to the demeanor and presentation of the witnesses as well as to the arguments offered.

"Recommendation

"Judgment for the plaintiff and against the defendant in the amount of seven hundred and fifty dollars ($750.00) and for the defendant counter-claimant against the plaintiff in the amount of two thousand two hundred and fifty dollars ($2,250.00). Costs to be shared equally."

This report of the referee is devoid of *any* findings of fact to support the recommendations given. The report of the referee fails to comply with the rule and is insufficient, as a matter of law, on its face.

Civ.R. 53(E)(1) states:

"The referee shall prepare a report upon the matters submitted by order of reference."

Civ.R. 53(E)(5) provides as follows:

"The report of a referee shall be effective and binding only when approved and entered as a matter of record by the court. The referee's findings of fact must be sufficient for the court to make an independent analysis of the issues and to apply appropriate rules of law in reaching a judgment order. The court may adopt the referee's recommendations about appropriate conclusions of law and the appropriate resolution of any issues. However, the court shall determine whether there is any error of law or other defect on the face of the referee's report even if no party objects an error or defect. The court shall enter its own judgment the issues submitted for action and report by the referee."

The minimum standard necessary for a referee's report was stated by the court in *Logue v. Wilson* (1975), 45 Ohio App.2d 132, 136, 74 O.O.2d 140, 142–143, 341 N.E.2d 641, 644:

"The report of the referee at the minimum requires a statement of the basis of his findings and recommendations in order that the judge may make an independent analysis of its validity prior to approving the report and entering judgment."

In *Nolte v. Nolte* (1978), 60 Ohio App.2d 227, 14 O.O.3d 215, 396 N.E.2d 807, the court further defined the standard for the requirements necessary for the report of the referee. The *Nolte* court stated that "when a referee's report contains a conclusion regarding an issue in the case, the facts that lead to that conclusion must also be included in the report." *Id.* at 230, 14 O.O.3d at 217, 396 N.E.2d at 810.

The *Nolte* court went on to say:

"[W]here the recommended entry form serves the dual purpose of recommending a journal entry and of reporting the referee's findings and conclusions to the trial judge, the report must contain not only a recommendation of the court's order but also the facts presented to the referee upon which that order is based. This situation is ripe for the 'rubber stamping' abuses condemned in *Logue v. Wilson* [ (1975), 45 Ohio App.2d 132, 74 O.O.2d 140, 341 N.E.2d 641], *supra* and in *Eisenberg v. Peyton* (1978), 56 Ohio App.2d 144 [10 O.O.3d 158] 381 N.E.2d 1136. As we held in *Eisenberg*, 'the trial judge may not render judgment unless and until he has independently analyzed the case; he is in no position to make such an analysis unless the referee's report includes a statement of the facts relevant to the issue before the court.' *Eisenberg, supra,* at 146 [10 O.O.3d at 159–160, 381 N.E.2d at 1138–1139]. Whenever a referee's report contains a legal conclusion but omits the facts necessary to reach that conclusion, the judgment is voidable. *Eisenberg, supra,* at 151 [10 O.O.3d at 162–163, 381 N.E.2d at 1141]." *Nolte,* 60 Ohio App.2d at 231, 14 O.O.3d at 217–218, 396 N.E.2d at 810–811.

The court in *Zacek v. Zacek* (1983), 11 Ohio App.3d 91, 93, 11 OBR 143, 145–146, 463 N.E.2d 391, 396, stated:

"We have previously held that Civ.R. 53(E) contemplates a report from the referee which includes a statement of the basis of his finding and recommendations in order that the trial court can make its own independent analysis of the report's validity. *Logue v. Wilson* (1975), 45 Ohio App.2d 132 [74 O.O.2d 140], 341 N.E.2d 641. Accordingly, the report *must include sufficient information to enable the trial judge to render his own decision.* * * * Obviously, if the report does not include a statement of the facts forming the basis for the referee's recommendation, the trial court *cannot* adopt the recommendation as an order of the court since the report lacks the necessary information upon which an independent analysis of questions of law raised by the controversy can be based. *Nolte v. Nolte* (1978), 60 Ohio App.2d 227 [14 O.O.3d 215], 396 N.E.2d 807." (Emphasis added.) *Zacek,* 11 Ohio App.3d at 93, 11 OBR at 145–146, 463 N.E.2d at 396.

The *Zacek* court went on to say:

"[W]hen a party objects to the referee's report, it is essential that the report include sufficient information to permit the trial court of resolve the legal issues raised by the objection. If the report is insufficient in this regard, or the objection challenges the weight of the evidence, the court will, of necessity, need to supplement the report by referring to a transcript of testimony, hearing additional evidence, returning the report to the referee with instructions or hearing the matter itself." (Emphasis added.) *Id.* at 94, 11 OBR at 146–147, 463 N.E.2d at 396.

In *Conn Constr. Co. v. Ohio Dept. of Transp.* (1983), 14 Ohio App.3d 90, 14 OBR 104, 470 N.E.2d 176, the court stated:

"Civ.R. 53(E)(1) requires the referee to prepare a report upon the matters submitted to him. Further, it has been held that a referee's report must:

"' * * * contain a statement of facts forming the basis for the referee's recommendation to the trial judge. Absent such a statement, the court cannot *adopt the recommendation because it lacks the necessary information to make the required independent analysis of the case.*'" (Emphasis added.) *Id.,* citing *Nolte v. Nolte, supra,* paragraph one of the syllabus.

Even the case relied upon by the majority, *Garcia v. Tillack* (1983), 9 Ohio App.3d 222, 9 OBR 372, 459 N.E.2d 918, stated very clearly that: ·

"Civ.R. 53 requires the referee to prepare a report which contains such factual information as may be necessary to support the findings and recommendations made. *Jenkins v. Jenkins* (Dec. 1, 1976), Lorain App. No. 2422, unreported. The trial judge is then required to review the report and make an independent analysis of the underlying facts involved in the dispute. It is the duty of the trial judge to critically review and verify the correctness of the referee's report prior

to its adoption. *Normandy Place Assoc. v. Beyer* (1982), 2 Ohio St.3d 102 [2 OBR 653] 443 N.E.2d 161."

In case after case, when analyzing the requirements of Civ.R. 53(E), our courts have directed us that because the trial judge must make an independent analysis before rendering judgment, the report of the referee must be sufficient for him to do so.

"In most cases, where the trial court's entry has adopted the referee's report we have presumed that the court conducted the proper independent analysis. See *Birt v. Birt* (Dec. 21, 1994) Miami App. No. 94–CA–32, unreported, 1994 WL 718310; *Patton* [ (Oct. 7, 1993), Montgomery App. No. 13929, unreported, 1993 WL 393634], *supra*. However, where the record has affirmatively demonstrated that the trial did not conduct a proper independent analysis prior to adopting the referee's report, we have reversed the trial court's judgment and ordered the court to comply with the dictates of Civ.R. 53. See *Lear v. Brown* (Nov. 5, 1993), Miami App. No. 93–CA–17, unreported, 1993 WL 452010." *Inman v. Inman* (1995), 101 Ohio App.3d 115, 118, 655 N.E.2d 199, 201.

The record before us shows that the report of the referee does not contain findings of any facts. The report and the exhibits, when reviewed together, do not create a "finding of fact." The report of the referee herein fails on its face. This report is insufficient, based upon the standards put forth by the court in *Nolte, supra*. This report of the referee failed to put forth any of the necessary information required for the judge to make an *independent analysis of the case*. "Obviously, if the report does not include a statement of the facts forming the basis for the referee's recommendation, the trial court cannot adopt the recommendation as an order of the court since the report lacks the necessary information upon which an independent analysis of question of law raised by the controversy can be based." *Zacek, supra,* 11 Ohio App.3d at 93, 11 OBR at 145–146, 463 N.E.2d at 396.

"The trial court, as the ultimate finder of fact, must make its own factual determinations through an independent analysis of the issues and should not adopt the findings of the referee unless the trial court fully agrees with them." *DeSantis v. Soller* (1990), 70 Ohio App.3d 226, 232, 590 N.E.2d 886, 890–891.

"[R]eferees serve only in an *advisory* capacity to the court and have no authority to render final judgments affecting the right of parties." (Emphasis added.) *Nolte,* 60 Ohio App.2d at 231, 14 O.O.3d at 217–218, 396 N.E.2d at 810–811.

Accordingly, Civ.R. 53(E)(2) provides:

" * * * The court may adopt, reject or modify the report; hear additional evidence; return the report to the referee with instructions; or hear the matter itself."

Thus, pursuant to Civ.R. 53(E)(2), the judge in the court below could have:

(1) rejected the report as insufficient on its face,

(2) heard additional evidence,

(3) returned the report to the referee with instruction, or

(4) heard the matter himself.

Without a transcript of proceeding, the judge would be unable to *modify* the report as there were no facts or transcript before the judge giving him adequate information with which to modify. See *DeSantis v. Soller* (1990), 70 Ohio App.3d 226, 590 N.E.2d 886.

In the matter *sub judice,* the report of the referee was filed on June 13, 1995. The appellant timely filed his objections to the report on June 27, 1995. The next day, June 28, 1995, the judge adopted the report of the referee and entered judgment. As the court stated in *Inman, supra,* 101 Ohio App.3d at 119, 655 N.E.2d at 202:

"A further indication the trial court did not conduct an independent analysis of the issues tried before the referee is the speed with which the judgment was entered. Twenty-five hours after Mr. Inman responded to Mrs. Inman's objections the trial court filed its entry adopting the referee's report and recommendations. * * * While we applaud prompt decisions by the trial court, it strains credulity to believe that a thorough, independent evaluation of that much material could be conducted in so short a period of time. Although the court in *Inman* based its observation on the substantial amount of evidence before the court as an indicator that the court failed to perform its independent analysis, in the matter before us, the converse is equally true. The record affirmatively demonstrates that the court was unable to perform an independent analysis in this case. There was no transcript for the judge to review, there were no facts for the judge to evaluate and objections were filed, and yet, within twenty-four hours, the judge was able to conclude that the report of the referee should be 'approved and confirmed.' "

The trial judge in the case *sub judice* adopted the report of the referee over the objection of the plaintiff-appellant that the report contained *no facts* upon which the judge could properly determine conclusions of law and render judgment. Pursuant to Civ.R. 53(E)(5) and the case law interpreting Civ.R. 53, the report of the referee was insufficient to permit the trial court to make an independent analysis of the issues and to apply appropriate rules of law in

reaching its judgment. The trial judge, despite timely filed objections, approved and confirmed the legally insufficient report of the referee and failed to conduct an independent analysis of the issues as required by Civ.R. 53(E)(5). This is the exact "rubber stamp" abuse condemned by the court in *Logue v. Wilson, supra.*

"The findings of fact, conclusions of law, and other rulings of a referee before and during trial are all subject to the independent review of the trial judge. Thus, a referee's oversight of an issue or issues, even an entire trial, is not a substitute for the judicial functions but only an aid to them. A trial judge who fails to undertake a thorough independent review of the referee's report *violates the letter and spirit of Civ.R. 53,* and we caution against the practice of adopting referee's reports as a matter of course, especially where a referee has presided over an entire trial. *Hartt v. Munobe* (1993), 67 Ohio St.3d 3, 6, 615 N.E.2d 617, 620." (Emphasis added.) *Inman,* 101 Ohio App.3d at 117, 655 N.E.2d at 201.

The trial court in this case adopted the report of a referee which, because it contained no facts, was, on its face, insufficient as a matter of law to support the conclusions.

Although the majority here does not see the adoption of this insufficient referee report by the trial court judge as an abuse of discretion, I believe that this is a clear example of abuse of discretion by the trial judge. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140, 1141. In my opinion, there can be nothing more arbitrary than a judge rendering a judgment without any factual basis for doing so. The court below, although required to make an independent analysis, failed to do so in reaching its judgment. The rules mandate an independent analysis by the judge, and the case law mandates an independent analysis by the judge. I, therefore, would find that it is an abuse of discretion for the trial court to render judgment on a matter before it by merely adopting the report of the referee which was insufficient on its face as a matter of law. Consistent with this determination, I would reverse the decision of the court and remand this matter to the court below for further proceedings.