DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Mark Figetakis, has appealed from a conviction by the City of Fairlawn for failure to yield at a stop sign in violation of Fairlawn City Code Section 432.17. Because Defendant has failed to comply with the Ohio Rules of Appellate Procedure and the Local Rules of this court, this appeal is dismissed.
Pursuant to Loc.R. 7(F), this court may dismiss a party who fails to file a brief in compliance with Loc.R. 7 and App.R. 16 and 19. In Ivery v. Ivery (Jan. 12, 2000), Summit App. No. 19410, unreported, this court noted that we "may summarily reject an appeal where the appellant fails to properly brief and argue his assignments of error in the manner required by the Appellate Rules." Id., quoting Advertising Tapes, Inc. v. Misquitta (Apr. 15, 1998), Summit App. No. 18631, unreported. Defendant's brief not only failed to comply with App.R. 16 in form, it also failed to set forth assignments of error with citations to authority and the record to support his contentions.[1]
This court notes that Defendant is proceeding pro se; however, "[w]hile insuring that pro se appellants * * * are afforded the same protections and rights prescribed in the appellate rules, we likewise hold them to the obligations contained therein."State v. Wayt (Mar. 20, 1991), Tuscarawas App. No. 90AP070045, 1991 Ohio App. LEXIS 1354, at *3-4. They are not to be accorded greater rights and must accept the results of their own mistakes and errors. Kilroy v. B.H. Lakeshore Co. (1996), 111 Ohio App.3d 357,363 (concluding that pro se litigants are "presumed to have knowledge of the law and of correct legal procedure and [are] held to the same standard as all other litigants.") Therefore, Defendant may not rely upon his lack of representation as an excuse for his failure to submit a brief in compliance with the Appellate Rules and this court's Local Rules.
Accordingly, Defendant's appeal is dismissed pursuant to Loc.R. 7(F).
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
LYNN C. SLABY, FOR THE COURT
CARR, J., BATCHELDER, J., CONCUR.
[1] This court notes that in addition to failing to comply with the Ohio Rules of Appellate Procedure and this court's Local Rules regarding his brief, Defendant has also failed to provided a transcript of the proceedings in the trial court or an appropriate substitute pursuant to App.R. 9. Therefore, if this court were to review the merits of this appeal, this court would have no choice but to presume the validity of the lower court's proceedings and affirm. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199.