DECISION AND JOURNAL ENTRY
Appellant-defendant David A. Vandal appeals from his convictions in the Medina Municipal Court for operating a motorcycle without a motorcycle endorsement and for operating a motorcycle without baffle plates. Because Vandal has failed to comply with the Ohio Rules of Appellate Procedure and the Local Rules of this Court, the merits of the appeal need not be addressed and the appeal is dismissed.
Recently, in Ivery v. Ivery (Jan. 12, 2000), Summit App. No. 19410, unreported, this Court once again recognized that we "may summarily reject an appeal where the appellant fails to properly brief and argue his assignments of error in the manner required by the Appellate Rules." Id., quoting Advertising Tapes, Inc. v.Misquitta (Apr. 15, 1998), Summit App. No. 18631, unreported. While the appellant in Ivery had set forth assignments of error, the instant case presents a more egregious example of a failure to comply with the rules governing appellate practice. Here, Vandal filed an appellate brief on September 14, 1999. This brief, however, fails to comply with the mandates of App.R. 16 and 19 and Loc.R. 7(A). Specifically, Vandal has failed to provide a table of contents, App.R. 16(A)(1) and Loc.R. 7(A)(1); to set forth assignments of error, App.R. 16(A)(3) and Loc.R. 7(A)(2); to present a statement of the issues presented, App.R. 16(A)(4) and Loc.R. 7(A)(3); to contain a separate statement of the case and a statement of the facts, App.R. 16(A)(5) and (6) and Loc.R. 7(A)(4) and (5); to cite to relevant legal authorities supporting an argument, App.R. 16(A)(7) and Loc.R. 7(A)(6); to provide a brief conclusion requesting the specific relief he seeks, App.R. 16(A)(8) and Loc.R. 7(A)(7); and to include an appendix consisting of any relevant items identified in App.R. 16(E) and Loc.R. 7(A)(8)(a)-(f).[1] Instead, Vandal has presented this Court with five pages of argument in support of a nonexistent assignment of error.
Although proceeding pro se, Vandal is not entitled to disregard the appellate rules in such a manner. A pro se
appellant is held to the same obligations and standards set forth in the appellate rules that apply to all litigants. Kilroy v.B.H. Lakeshore Co. (1996), 111 Ohio App.3d 357, 363; State v. Wayt
(Mar. 20, 1991), Tuscarawas App. No. 90AP070045, unreported. This is so because an appellate court is not in the business of representing complaining parties. Rather, this Court is charged with the duty of resolving assignments of error, not writing them. Accordingly, Vandal's appeal is dismissed pursuant to Loc.R. 7(F).
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
DONNA J. CARR, FOR THE COURT
SLABY, P.J., WHITMORE, J., CONCUR.
[1] Vandal has attached to his brief a blurred copy of what appears to be a temporary motorcycle learner's permit. This item does not appear in the record. As such, even if this Court were to reach the merits of his appeal, this attachment could not be considered.