This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Mark Griffin, appeals from the decision of the Summit County Court of Common Pleas, denying Mr. Griffin's petition for post-conviction relief. This Court affirms.
This Court first notes that Mr. Griffin's brief sets forth some facts of the case and outlines some areas of controversy, but his brief fails to set forth any assignments of error, in contravention of App.R. 16(A)(3) and (7) and Loc.R. 7(A)(2). Although proceeding pro se, Mr. Griffin is held to the same obligations and standards set forth in the appellate rules that apply to all litigants. Kilroy v. B.H. LakeshoreCo. (1996), 111 Ohio App.3d 357, 363; State v. Wayt (Mar. 20, 1991), Tuscarawas App. No. 90AP070045, unreported, 1991 Ohio App. LEXIS 1354, at *3-4. Accordingly, this Court may properly dismiss Mr. Griffin's appeal pursuant to Loc.R. 7(F). See State v. Vandal (Jan. 26, 2000), Medina App. No. 2983-M, unreported, at 2-3. However, in the interest of justice, we will consider the substance of the instant appeal.
Mr. Griffin was originally convicted in 1994 for the murder of Calvin Douglas. This Court affirmed his conviction. State v. Griffin (June 28, 1995), Summit App. No. 17028, unreported.
Mr. Griffin filed numerous petitions with the trial court during the period from June 1997 to September 2000. Among these petitions were a "Motion to Reconsider the Jury's Verdict because of Improper Jury Instructions," a "Motion for New Trial," and a "Motion to Compel Production of Medical Records." On September 21, 2000, the trial court entered an order denying Mr. Griffin's motions for an evidentiary hearing and to compel the production of allegedly exculpatory medical records. It is from this court order that Mr. Griffin appeals.
Mr. Griffin's motions to the trial court, seeking vacation of his conviction on a claimed violation of his constitutional rights, must be construed as successive petitions for post-conviction relief. State v.Lewis (Feb. 9, 1999), Lorain App. No. 98CA007007, unreported, at 4. Petitions for post-conviction relief are governed by R.C. 2953.21. That statute provides that where a direct appeal has been taken, any motion for post-conviction relief must be filed within one hundred and eighty days after the transcript has been filed in the court of appeals. R.C.2953.21(A)(2). In the instant case, the trial court transcripts were filed on December 6, 1994 and Mr. Griffin filed the first of his various post-conviction motions on June 3, 1997, over nine hundred days after the filing of the transcripts. Thus, Mr. Griffin's motions for post-conviction relief are untimely. R.C. 2953.21(A)(2).
Untimely petitions for post-conviction relief are governed by R.C.2953.23. Division A of this statute provides that the trial court "may not entertain a petition filed after the expiration of the period prescribed in [R.C. 2953.21(A)]" unless the petitioner makes two threshold showings. To satisfy the first required showing, the petitioner must demonstrate that either (a) he was "unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief" or (b) the United States Supreme Court has recognized a new federal or state right that applies retroactively to defendant's case. R.C. 2953.23(A)(1). Mr. Griffin does not assert that the Supreme Court has recognized a new federal or state right. Mr. Griffin does not allege that he was unavoidably detained from discovering the facts at issue here. In fact, Mr. Griffin points to the trial transcript itself as the basis for a conflict in evidence that allegedly provided reasonable doubt as to his guilt. His current claim is that certain medical records were not made available to him prior to or during his trial. Because he has not met the first of two threshold showings, the trial court did not have the authority to even entertain Mr. Griffin's untimely petitions for post-conviction relief. R.C. 2953.23(A)(1).
Both Mr. Griffin's motions to the trial court and his appellate brief state that these issues were apparent at his trial. Mr. Griffin had the benefit of a direct appeal, in which he could have raised the issues asserted in the instant proceedings. Therefore, Mr. Griffin is barred byres judicata from raising these matters now.
The trial court appropriately denied Mr. Griffin's motions for post-conviction relief. We overrule Mr. Griffin's arguments to the contrary and affirm the decision of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ______________________________________ WILLIAM G. BATCHELDER
BAIRD, J., WHITMORE, J. CONCUR.