OPINION
Appellant, Timothy J. Kirin, appeals from the April 25, 2001 judgment entry of the Trumbull County Court of Common Pleas dismissing his petition for postconviction relief.
Appellant was indicted on December 8, 1997, on one count of kidnapping, in violation of R.C. 2905.01(A)(4) and (C), and one count of rape, in violation of R.C. 2907.02(A)(2). On April 23, 1999, a jury returned a verdict of guilty on both counts. In a May 5, 1999 judgment entry, the trial court sentenced appellant to prison terms of nine years on each count, with the sentences to run concurrently.
Appellant filed a notice of appeal with this court on May 5, 1999. We affirmed the trial court's decision in State v. Kirin (Aug. 11, 2000), 11th Dist. No. 99-T-0054, 2000 WL 1140261.
On March 8, 2001, appellant filed a motion for leave to file a petition for postconviction relief. On March 9, 2001, he filed a motion to amend his petition for postconviction relief, a motion for appointment of counsel, and a motion for expert assistance. On March 13, 2001, the state moved the trial court to dismiss the foregoing motions. The trial court, in an April 25, 2001 judgment entry, dismissed appellant's petition for postconviction relief without a hearing because it was not filed within the one-hundred-eighty day time limitation set forth in R.C. 2953.21(A).
Appellant has filed a timely appeal of the trial court's decision and makes the following two assignments of error:
 "[1.] The trial court erred when it denied [appellant's] motion for leave, and when it failed to review the [postconviction] petition, causing the violation of the `due process clause' under the Fourteenth Amendment of the United States Constitution.
 "[2.] [Appellant] received ineffective assistance of trial counsel, depriving him of his Sixth Amendment rights under the United States Constitution, and Article I[,] § 10 of the Ohio Constitution, of effective assistance of counsel."
R.C. 2953.21(A)(2) provides that a petition for postconviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *." Here, appellant filed the trial transcript for his direct appeal with this court on July 14, 1999. He did not file his petition for postconviction relief until March 8, 2001, approximately twenty months after he filed his trial transcript with this court, and well beyond the one-hundred-eighty day time limit for filing a petition for postconviction relief. Therefore, appellant's petition was not filed in a timely manner. State v. Johnson (Feb. 9, 2001), 11th Dist. No. 99-T-0143, 2001 WL 114995, at 2.
R.C. 2953.23(A) prohibits a trial court from entertaining a petition for postconviction relief that is filed late, unless the petitioner meets a two-pronged test. The first prong requires the petitioner to show that either (a) he was unavoidably prevented from discovery of the facts upon which he had to rely to present his claim for relief, or (b) the United States Supreme Court recognized a new federal or state right that applies retroactively to the petitioner's situation. R.C. 2953.23(A)(1). If the petitioner meets the first prong, he must then show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which he was convicted * * *." R.C. 2953.23(A)(2); Johnson, supra, at 2. Here, appellant has failed to meet the first prong of the test.
Appellant has not averred that the United States Supreme Court has recognized a new federal or state right that applies retroactively to his case. Therefore, he was required to demonstrate that he "was unavoidably prevented from discovery of the facts" upon which his petition was premised.
Appellant asserts that he delayed in filing his petition because (1) he was waiting on this court's decision as to his direct appeal; and (2) he was not aware that he could file a petition for relief premised on ineffective assistance of trial counsel if that issue had not been raised in his direct appeal. Neither of those assertions suggest that appellant was prevented from discovery of the facts upon which he relied to present his claim for relief. Further, appellant's petition consists of a series of allegations of ineffective assistance of counsel during the course of his trial. In so far as he was present at his own trial, appellant should have been aware of the factual bases for those allegations at the time of his trial.
The fact that appellant represented himself in this matter does not excuse him from the obligation to timely file his petition for postconviction relief; "[a] pro se defendant will be expected to abide by the rule of evidence and procedure, regardless of his familiarity with them." Cleveland v. Lane (Dec. 9, 1999), 8th Dist. No. 75151, 1999 WL 1129582, at 3, citing State v. Doane (1990), 69 Ohio App.3d 638; Kilroyv. B.H. Lakeshore Co. (1996), 111 Ohio App.3d 357, 363 (a pro se litigant "is presumed to have knowledge of the law and of correct legal procedure and is held to the same standard as all other litigants").
Because appellant has failed to satisfy the requirements of R.C.2953.23(A)(1) and (2), the trial court properly dismissed his petition for postconviction relief. State v. Baksi (Apr. 6, 2001), 11th Dist. No. 2000-T-0008, 2001 WL 335915, at 2. Therefore, appellant's first assignment of error lacks merit. As for appellant's second assignment of error, it is rendered moot due to the untimely filing of his petition.
For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.
WILLIAM M. O'NEILL, P.J., DIANE V. GRENDELL, J., concur.