This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} As, Charles Harris and Jacqueline Harris, appeal the decision of the Summit County Court of Common Pleas affirming the decision of the City of Akron Housing Appeals Board ("the Board"). We affirm.
{¶ 2} On February 26, 2002, the Akron Health Department ordered the Harrises to obtain semi-annual inspections from the Department of Health for the rental properties they owned and operated. On March 1, 2002, the Harrises appealed the order to the Board. On March 26, 2002, after a hearing, the Board denied the appeal. The Harrises received a notice of the Board's decision on March 26, 2002. The notice set forth the Ohio Revised Code citations regarding the Harrises' appeal rights, including the need to perfect an appeal within thirty days.
{¶ 3} On April 26, 2002, the Harrises filed a notice of appeal of the Board's decision with the Summit County Court of Common Pleas. The Board moved the trial court to dismiss the appeal because the Harrises failed to file a timely appeal. The trial court granted the motion to dismiss. It is from this order that the Harrises appeal.
{¶ 4} The Harrises assert two assignments of error. We will address the assignments of error together to facilitate review.
 First Assignment of Error
{¶ 5} "THE COURT ERRED IN THAT IT DID NOT ADDRESS THE FACT THAT MARCH 31, 2002 WAS EASTER, A NATIONAL HOLIDAY, AND THEREFORE DID NOT EXCLUDE THAT DAY FORM ITS TIMETABLE CALCULATION. IT IS AND WAS THE APPELLANTS BELIEF THAT A NATIONAL HOLIDAY IS NOT COUNTED." [sic.]
 Second Assignment of Error
{¶ 6} "THE COURT ERRED IN THAT IT HAS NOT CONSIDERED THE PRO SE
APPELLANTS WITH A LESSER STRINGENCY THEN ATTORNEY'S." [sic.]
{¶ 7} In their assignments of error, the Harrises assert that the trial court erred by not excluding March 31, 2002 from the calculation of the thirty-day time period for appeal, and by not considering the fact that the Harrises are pro se. We disagree.
{¶ 8} The filing of a notice of appeal under R.C. 2505.04 is essential in order to vest the common pleas court with jurisdiction over an administrative appeal. Chapman v. Housing Appeals Bd. (Aug. 13, 1997), 9th Dist. No. 18166. An appeal from an administrative board must be perfected within thirty days after the entry of the final order. R.C.2505.07. "[T]he failure to properly perfect an appeal may not be waived," and "[j]urisdiction does not vest in the court unless and until an appeal is perfected." Chapman. A reviewing court does not have jurisdiction to hear the appeal without literal compliance with the appeal provisions.Id. "These provisions are mandatory, and a court does not have the authority to adopt a substantial compliance test and/or a mailbox depository rules as to the filing of an administrative appeal." Id.
{¶ 9} R.C. 2505.05 requires a notice of appeal to conform with the Rules of Appellate Procedure. According to App.R. 14(A), Saturdays, Sundays, and legal holidays are included in the computation of the thirty days, unless the last day of the period is a Saturday, Sunday, or legal holiday. In such case, the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday. App.R. 14(A).
{¶ 10} March 31, 2002, was not the last day of the thirty-day time period to file the Harrises' appeal. It is undisputed that the Board's final order was entered on March 26, 2002 and that the Harrises did not file an appeal until thirty-one days later, on April 26, 2002.
{¶ 11} While the Harrises argue that they should be treated with less stringency than attorneys, pro se litigants are presumed to have knowledge of the law and of correct legal procedure and are held to the same standard as all other litigants. Kilroy v. B.H. Lakeshore Co.
(1996), 111 Ohio App.3d 357, 363. Pro se litigants are not to be accorded greater rights and must accept the results of their own mistakes. Sinskyv. Mathews (Dec. 12, 2001), 9th Dist. No. 20499, citing Kilroy,111 Ohio App.3d at 363.
{¶ 12} The Harrises failed to timely perfect their appeal within thirty days of the Board's decision. Therefore, the trial court lacked jurisdiction to hear the administrative appeal.
{¶ 13} The Harrises' assignments of error are overruled and the decision of the Summit County Court of Common Pleas is affirmed.
SLABY, P.J. and WHITMORE, J. CONCUR.