{¶ 40} I must respectfully dissent from the majority's decision because this appeal should be dismissed because Appellant failed to comply with App.R. 16.
 {¶ 41} Appellant's first merit brief wholly failed to conform to the Appellate Rules. On September 7, 2004, this panel issued an order finding it failed to comply with App.R. 16, which provided in pertinent part:
"Bennett's brief is lacking all of these, [all eight subparts of App.R. 16] save one, her argument. Although proceeding pro se, Bennett is not entitled to disregard the appellate rules in such a manner. A pro se appellant is held to the same obligations and standards set forth in the appellate rules that apply to all litigants. Kilroy v. B.H. Lakeshore Co.
(1996), 111 Ohio App.3d 357, 363. They are not to be accorded greater rights and must accept the results of their own mistakes and errors. Id. This is so because an appellate court is not in the business of representing complaining parties. Rather, this Court is charged with the duty of resolving assignments of error, not writing them. As we have said previously, it is not the function of this court to create an argument for an appellant as that would be inherently unjust to the other parties.Presidential Estate Condo Assn. v. Slabochova (Mar. 28, 2001), 7th Dist. No. 99-C.A.-126."
 {¶ 42} We ordered Appellant to refile a rules compliant brief within thirty days, and instructed her that her appeal may be dismissed if her amended brief also failed to comply with the Rules.
 {¶ 43} In response to this order, Appellant filed a second brief that once again failed to comply with the Appellate Rules. Appellant's second brief merely added some exhibits and listed some assignments of error and statement of issues for review. Further, the brief did not cite to statutes or case law in support of the argument contained therein. Appellee moved to dismiss. The majority denied the motion and exercised its discretion to hear the merits in its October 7, 2004 entry noting the second brief was "* * * not substantially different in content from the brief determined to be non-compliant," and "* * * did not cite to statutes or other authority to support her argument." I dissented from that entry.
 {¶ 44} I am mindful of the importance of resolving cases on the merits, but I also recognize that the Appellate Rules enhance meaningful review of the merits of a case. Accordingly, this Court has the parallel obligation to enforce compliance with the Appellate Rules. Because Appellant wholly failed to comply with the Appellate Rules after our warning, I would have granted Appellee's motion to dismiss, and not reach the merits of this appeal.