DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} The Akron Municipal Court issued a writ of restitution evicting Colleen Breen, entered judgment against her for $7630, and denied her "Motion to Vacate." Ms. Breen filed a notice of appeal from the order denying her "Motion to Vacate." She has argued that the trial court incorrectly issued the writ of restitution and incorrectly entered the money judgment against her. This Court overrules her assignment of error and affirms the trial court's judgment because she failed to appeal from the orders granting the Writ of Restitution and the money judgment.
 BACKGROUND {¶ 2} Tim Prinz filed a two count complaint against Colleen Breen. In the first count, he averred that Ms. Breen had unlawfully and forcibly detained premises he owned in the City of *Page 2 
Akron and sought a writ of restitution. By the second count, he sought money damages from Ms. Breen.
 {¶ 3} A hearing was held before a magistrate on the first count on March 16, 2007. Mr. Prinz was represented by a lawyer, but Ms. Breen appeared pro se. Following the hearing, the magistrate issued a decision allowing the writ of restitution. Ms. Breen did not object to the magistrate's decision, and, on March 19, 2007, the trial court issued a writ of restitution.
 {¶ 4} A hearing on the second count was set to be held before the same magistrate on May 3, 2007. Both parties appeared that day with lawyers. At the outset, the magistrate advised the parties that, although she and Mr. Prinz had never had any social contact, her husband and Mr. Prinz are distant relatives and that, "if that bothers either — anybody here, I need to know so that it can be scheduled before another magistrate." Ms. Breen told the magistrate that she was bothered, and it was agreed that the hearing would be set before a different magistrate.
 {¶ 5} The hearing on the second count was held before a different magistrate on June 5, 2007. That magistrate issued a decision on July 23, 2007, granting judgment for Mr. Prinz and against Ms. Breen for $7630 plus court costs and interest. Ms. Breen, acting pro se, filed an objection to the magistrate's decision on the second count on August 6, 2007. The trial court overruled her objection on August 13, 2007, and entered judgment for Mr. Prinz and against Ms. Breen on August 23, 2007, for $7630 plus court costs and interest.
 {¶ 6} On September 6, 2007, Ms. Breen filed a "Motion to vacate judgment/requesting a hearing." On September 10, 2007, the trial court entered an order denying Ms. Breen's motion to vacate. In its order, the trial court noted that it had overruled Ms. Breen's objection on August 13, 2007, and had entered judgment against her on August 23, 2007. It concluded that Ms. Breen had no further remedies available to her in the trial court: "As Defendant has no further legal *Page 3 
remedie[s] in the Akron Municipal Court, Defendant's Motion to Vacate is dismissed as being moot."
 {¶ 7} Ms. Breen filed her notice of appeal on September 21, 2007. In it, she specified that she was appealing from the trial court's September 10, 2007, order: "Now comes the Defendant, Colleen Breen and hereby gives notice that [s]he is appealing to the Ninth District Court of Appeals, Summit County, Ohio, from the final judgment in favor of Plaintiff, which was entered in this action on 09/10/07."
 DISCUSSION {¶ 8} Although Ms. Breen has appealed from the trial court's denial of her motion to vacate, her arguments are addressed to the trial court's granting of the writ of restitution and the money judgment against her. Specifically, she has argued that the magistrate should have disqualified herself at the time of the hearing on the writ of restitution and that Mr. Prinz committed perjury at the hearings before the magistrates. Inasmuch as she did not appeal from either the trial court's order issuing the writ of restitution or its order entering the money judgment against her, her assignments of error must be overruled.
 {¶ 9} This Court notes that Ms. Breen has proceeded in this Court pro se. "While insuring that pro se appellants/appellees are afforded the same protections and rights prescribed in the appellate rules, we likewise hold them to the obligations contained therein." State v.Wqyt, 5th Dist. No. 90AP070045, 1991 WL 43005 at *1 (Mar. 20, 1991). "They are not to be accorded greater rights and must accept the results of their own mistakes and errors." Chuluda v. DeMarco, 9th Dist. No. 19230, 2001 WL 7380 at *1 (Jan. 3, 2001) (citing Kilroy v. B.H.Lakeshore Co., 111 Ohio App. 3d 357, 363 (1996)). *Page 4 
 CONCLUSION {¶ 10} Ms. Breen's assignment of error is overruled. The judgment of the Akron Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
 SLABY, P. J. WHITMORE, J. CONCUR *Page 1