DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} The Barberton Municipal Court entered judgment awarding Farris Disposal Inc. damages against Mark Milkovich for breach of contract. Mr. Milkovich did not appeal from that judgment. Rather, he filed a motion for relief from judgment, which the trial court denied. He did appeal from the denial of his motion for relief from judgment. His assignment of error, however, challenges the original judgment against him, not the denial of his motion for relief from that judgment. This Court overrules his assignment of error and affirms the trial court's judgment because Mr. Milkovich failed to timely appeal from that judgment.
 BACKGROUND {¶ 2} Farris sued Mr. Milkovich in the Small Claims Division of the Barberton Municipal Court, claiming that he had failed to pay for rubbish removal at an address in Norton. It attached to its complaint a Service Agreement for the rubbish removal. The "Customer's *Page 2 
Billing Name" on the Service Agreement was Loyal Oak Tavern. Mr. Milkovich signed the Service Agreement with the designation "Treasurer" after his name. Farris alleged that it was entitled to judgment against Mr. Milkovich for $455.15, plus interest and attorney's fees.
 {¶ 3} A hearing was held before a magistrate. The magistrate found that Loyal Oak Tavern was a fictitious name for an entity known as 3044 Wadsworth Rd. LLC. He concluded that Mr. Milkovich was personally liable on the contract and awarded Farris $455.15 in damages, interest at 8% per annum, and attorney's fees of $306.25.
 {¶ 4} Mr. Milkovich objected to the Magistrate's Decision, and the trial court overruled his objections. On January 31, 2008, the trial court adopted the Magistrate's Decision and entered judgment for Farris for $455.15 in damages, interest at 8% per annum, and attorney's fees of $306.25.
 {¶ 5} On February 21, 2008, Mr. Milkovich moved the trial court for relief from judgment. The trial court denied that motion on February 22, 2008.
 {¶ 6} Mr. Milkovich filed his notice of appeal on March 24, 2008. In it, he specified that he was appealing from the trial court's February 22, 2008, order: "Now comes the Defendant, Mark Milkovich, and hereby gives notice that he is Appealing to the Ninth District Court of Appeals, Summit County, Ohio, from the Denial of Motion 60(B)5 for relief of judgment, in favor of Plaintiff, which was entered Into action on February 22, 2008."
 DISCUSSION {¶ 7} Although Mr. Milkovich has appealed from the trial court's denial of his motion for relief from judgment, his assignment of error is addressed to the trial court's original judgment against him. He has argued that Loyal Oak Tavern was an existing entity and that it, not he, was liable on the contract with Farris. He has not argued that he satisfied the *Page 3 
three-part test for relief from judgment adopted by the Ohio Supreme Court inGTE Automatic Elec. Inc. v. ARC Indus., 47 Ohio St. 2d 146, paragraph two of the syllabus (1976). Inasmuch as Mr. Milkovich did not appeal from the trial court's judgment, his assignment of error must be overruled.
 {¶ 8} This Court notes that Mr. Milkovich has proceeded in this Court pro se. "While insuring that pro se appellants/appellees are afforded the same protections and rights prescribed in the appellate rules, we likewise hold them to the obligations contained therein." State v.Wqyt, 5th Dist. No. 90AP070045, 1991 WL 43005 at *1 (Mar. 20, 1991). "They are not to be accorded greater rights and must accept the results of their own mistakes and errors." Chuluda v. DeMarco, 9th Dist. No. 19230, 2001 WL 7380, at *1 (Jan. 3, 2001) (citing Kilroy v. B.H.Lakeshore Co., 111 Ohio App. 3d 357, 363 (1996)).
 CONCLUSION {¶ 9} Mr. Milkovich's assignment of error is overruled. The judgment of the Barberton Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is *Page 4 
instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
SLABY, J. CONCURS.
 CARR, P. J. CONCURS IN JUDGMENT ONLY *Page 1