[Cite as *Stargell v. FST Express Inc.*, 2025-Ohio-3093.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| JIMI STARGELL | : | |
| | : | C.A. No. 30417 |
| Appellant | : | |
| | : | Trial Court Case No. 2024 CV 02811 |
| v. | : | |
| | : | (Civil Appeal from Common Pleas |
| FST EXPRESS INC ET AL. | : | Court) |
| | : | |
| Appellees | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on August 29, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Mary K. Huffman*

_____
MARY K. HUFFMAN, JUDGE

EPLEY, P.J., and LEWIS, J., concur.

**OPINION**
MONTGOMERY C.A. No. 30417


JIMI STARGELL, Pro Se Appellant
ROBIN A. JARVIS, Attorney for Appellee, Director, Ohio Dept. of Job and Family Servs.


HUFFMAN, J.

{¶ 1} Jimi Stargell appeals pro se from the trial court's judgment affirming the decision of the Ohio Unemployment Compensation Review Commission ("Commission") disallowing Stargell's application for unemployment compensation. Because Stargell's pro se brief fails to comply with App.R. 16(A), the judgment of the trial court is affirmed.

### Facts and Procedural History

{¶ 2} Stargell was employed with FST Express, Inc., ("FST") as an over-the-road truck driver from January 16, 2023, until December 29, 2023. Following Stargell's discharge from employment with FST, he filed an application for unemployment compensation with the Ohio Department of Job and Family Services ("ODJFS"). ODJFS initially found that Stargell had been discharged without just cause. FST appealed. ODJFS affirmed its previous decision in its redetermination, and FST appealed the redetermination to the Commission. An evidentiary hearing occurred on March 25, 2024, and the hearing officer determined that Stargell had been discharged with just cause. The Commission affirmed the decision of the hearing officer. Stargell appealed the Commission's decision to the trial court, which affirmed. This appeal followed.

### Discussion

{¶ 3} On appeal, Stargell acknowledges that he failed to deliver two truckloads at the appointed time in the course of his employment with FST, once due to fatigue and once due to a personal reason, and he makes a vague argument regarding "discrimination." Stargell

also acknowledges that he failed to pick up a "backhaul load" as scheduled because, according to him, had he done so, he would have missed a scheduled appointment at the Veterans Administration. Stargell's brief, however, lacks any recognizable assignments of error, citations to the record, citations to authority, or discernable arguments.

{¶ 4} Under App.R. 16(A), an appellant's brief must contain:

(1) A table of contents, with page references.

(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.

(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

(8) A conclusion briefly stating the precise relief sought.

{¶ 5} "Litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standard as other litigants." *Yocum v. Means*, 2002-Ohio-3803, ¶ 20 (2d Dist.), citing *Kilroy v. B.H. Lakeshore Co.,* 111 Ohio App.3d 357, 363 (8th Dist. 1996). "[A] pro se litigant 'cannot expect or demand special treatment from the judge, who is to sit as an impartial arbiter.'" *Id., quoting Kilroy* at 363. "A court of appeals may disregard any assignments of error not separately argued, or any arguments not supported by references to the record." *Am. Gen. Fin. Servs., Inc. v. Mosbaugh*, 2011-Ohio-5557, ¶ 11, citing App.R. 12(A)(2); *Countrywide Homes, Inc. v. Swayne*, 2010-Ohio-3903, ¶ 58 (2d Dist.).

{¶ 6} Upon review, we conclude that Stargell's filing completely fails to satisfy the requirements of App.R. 16(A). Although Stargell chose to proceed pro se, "[w]e cannot give Appellant special treatment in this appeal and craft arguments and assignments of error that he has failed to create himself." *Am. Gen. Fin. Servs.* at ¶ 12. Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

EPLEY, P.J., and LEWIS, J., concur.