DECISION AND JUDGMENT ENTRY
{¶ 1} In this appeal from the Lucas County Court of Common Pleas, defendant-appellant, Raymond Tarsha, filed a pro se brief that fails to set forth any assignments of error. In addition, appellant failed to order and file either the transcript of the proceeding in which the trial court granted judgment to appellee or the transcript of the damages hearing held on this matter. We affirm the trial court's judgment in favor of appellee, Donald A. Baker, M.D., because we must presume the validity of the proceedings below.
 {¶ 2} We begin with the legal principle holding that pro se litigants are presumed to have knowledge of the law and of correct legal procedure and are held to the same standard as all other litigants. Kilroy v. B.H. Lakeshore Co. (1996),111 Ohio App.3d 357, 363. They are not accorded greater rights and must accept the results of their own mistakes. Id.
 {¶ 3} The burden of affirmatively demonstrating error on appeal rests with the party asserting error. App.R. 9(B); App.R. 16(A)(7). App.R. 12 (B) provides that an appellate court is required to determine the merits of an appeal on the assignments of error, which should designate the specific rulings that an appellant challenges. North Coast Cookies, Inc. v. SweetTemptations, Inc. (1984) 16 Ohio App.3d 342, 343. An appellant must present his or her contentions with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record upon which he or she relies. App.R. 16 (A)(7); Roberts v. Hutton (2003),152 Ohio App.3d 412,2003-Ohio-1650, at ¶ 18. Appellant failed to comply with these rules of appellate procedure. However, for the following reason, this failure may not be fatal.
 {¶ 4} Despite appellant's failure to state specific assignments of error, two "assignments" can be gleaned from his brief. These are: (1) Appellant is entitled to judgment on his counterclaim (which the trial court denied); and (2) Because appellee originally demanded a jury trial, appellant is entitled to a jury trial.
 {¶ 5} Transcripts of the proceedings held by the trial court, or a suitable alternative as provided for in App.R. 9, are required to determine appellant's deemed assignments of error. Appellant bears the burden of demonstrating error by reference to the record of the proceedings below, and it is his duty to provide the reviewing court with adequate transcripts. App.R. 9(B) and App.R. 10(A); Burrell v. Kassicieh (1998),128 Ohio App.3d 226,232, citing Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197,199.
 {¶ 6} "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v.Edwards Laboratories, 61 Ohio St.2d at, 199. Therefore, on the record presented to this court, without more, we must presume the regularity of the proceedings from which the appeal is taken and hold that the trial court did not err in entering judgment in favor of appellee. Appellant's two "assignments of error are found not well-taken.
 {¶ 7} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal, pursuant to App.R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Pietrykowski, J., Singer, J., Concur.