DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an order of the Lucas County Court of Common Pleas, denying a motion to vacate a settlement agreement in a workers' compensation appeal. For the reasons that follow, we affirm.
 {¶ 2} In 1999, appellant, Moses Wilmer, initiated a claim with the Ohio Bureau of Workers' Compensation. Appellant maintained that he had acquired a pulmonary occupational disease as the result of 30 years exposure to coal and coke dust while working for Interlake, Inc.[1]
 {¶ 3} When appellant's claim was administratively rejected, he initiated the present appeal, pursuant to R.C. 4123.512. The matter moved forward and was scheduled for a jury trial on September 17, 2003. On that date, however, appellant offered to settle the claim for the sum of $35,000. Appellee countered with an offer of $30,000 and the parties agreed on a settlement sum of $32,500. The agreement was read into the record in open court and the jury dismissed. On October 29, 2003, a "final settlement agreement and release" memorializing the agreement was executed by appellant and endorsed by his counsel.
 {¶ 4} On November 14, 2003, appellant, through counsel, moved to vacate the settlement and reinstate the case for trial. In his memorandum in support, appellant's counsel suggested that the settlement should be set aside because, at the time counsel recommended acceptance of the settlement offer, he was unaware of the true value of the claim which counsel now believed to be worth between $150,000 and $300,000. Counsel also suggested that appellee was guilty of fraud and overreaching in the negotiations, because it knew or should have known the value of the claim and concealed it from appellant. Appellee responded with a motion to enforce the settlement.
 {¶ 5} Following a hearing on the motions, the trial court granted appellee's motion and denied appellant's. Appellant now brings this appeal, setting forth the following two assignments of error:
 {¶ 6} "I. The trial court prejudicially erred in not ordering the defendant to answer the interrogatories and requests for production of documents, served by mail on August 9, 2004, either at some time ordered by the court, or later, and also to be answered at the evidentiary hearing, by their attorney Gerald H. Waterman, or any other bureau counsel or witness at the hearing; and secondly, the trial court prejudicially erred by not asking Attorney Waterman if he would answer as best he could, from all the information that had been garnered in defendant [sic] defense; and by the trial court not ordering defendant to answer in 31 days, as the trial court did not file its opinion and judgment entry until September 27, 2004, 18 days after the 31 days had passed.
 {¶ 7} "II. The trial court prejudicially erred in not finding that there were sufficient grounds under Rule 54 to set aside the settlement agreement on grounds of mistake, overreaching, and unconscionability of the settlement by defendant, as the evidences before the court demonstrated that plaintiff had strong evidences to support his claim for temporary total for $120,000.00 or more, and for permanent total disability compensation for $180,000.00, or more; so that the bureau's settlement for $32,500.00 was known by them to be `overreaching' and `unconscionable,' as any attorney facing plaintiff's evidences would know; even if plaintiff did not prove he would live until he got $180,000.00 or less; as to settle a claim worth $120,000.00 for only $32,500.00 is flagrantly unfair and unjust."
 I. Discovery {¶ 8} In his first assignment of error, appellant insists that the trial court should have compelled appellee to provide certain discovery. Appellee responds that appellant's discovery requests were made a week after the deadline set by the court and appellant did not request leave to conduct discovery outside of the order. Appellant concedes this in his reply brief.
 {¶ 9} Supervision of discovery rests within the sound discretion of the court. The court's decisions on discovery will not be disturbed absent an abuse of discretion. Mauzy v. KellyServs. (1996), 75 Ohio St.3d 578, 592. An abuse of discretion is more than a mistake of law or an error of judgment, the term connotes that the court's attitude is arbitrary, unreasonable or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 10} In this matter, when the court set an August 16, 2004 hearing date on appellant's motion to vacate the settlement, it ordered completion of discovery by August 2, 2004. Appellant, in his first assignment of error, states that the discovery request issued was not mailed until August 9, 2004. In a motion in limine, appellee advised the court that as of August 12, 2004, the Thursday before the Monday hearing, appellant's request had not yet been received. Under these circumstances, appellee maintains, the court was within its discretion in declining to compel a response.
 {¶ 11} Additionally, appellee insists, the request to compel was addressed at the August 16 hearing, for which appellant has provided no transcript. Absent such a transcript, appellee contends, we must presume the regularity of the proceeding and affirm the court's decision.
 {¶ 12} Appellee is correct in both respects. For the court to insist that the parties abide by its antecedent order, absent more, hardly constitutes an unreasonable or arbitrary position. Moreover, although appellant indicated in his notice of appeal that a transcript of the August 16, 2004 hearing would be included in the record, when the record was filed no transcript was included. Since it is appellant's burden to demonstrate error by reference to the record, it is his duty to provide the court with an adequate transcript. Baker v. Tarsha, 6th Dist. App. No. L-04-1040, 2004-Ohio-6315, at ¶ 5. When a part of the record necessary to the resolution of an issue on appeal is missing, we must presume the validity of the proceedings and affirm the trial court. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199. Accordingly, appellant's first assignment of error is not well-taken.
 II. Motion to Set Aside {¶ 13} The absence of a transcript of the August 16, 2004 hearing on appellant's motion to set aside the settlement is also determinative of appellant's second assignment of error. Without a transcript of these proceedings, we must presume their regularity and affirm the trial court's decision. Id. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 14} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Lucas County and for which execution is awarded. See App.R. 24.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Parish, J. Concur.
[1] Appellant's complaint notes that Interlake, Inc. went bankrupt in 1988 and its present address is unknown. The only appellee in this matter is the Administrator, Ohio Bureau of Workers' Compensation.