[Cite as *Bast v. Ryan*, 2022-Ohio-556.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

Peggy A. Bast                                          Court of Appeals No.  H-21-002

    Appellee                                          Trial Court No. CVH20190340

v.                                                    **DECISION AND JUDGMENT**

Daniel P. Ryan                                        Decided: February 25, 2022

    Appellant

* * * * *

Daniel P. Ryan, pro se appellant

Mark P. Smith, attorney for appellee

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} This matter is before the court upon the pro se appeal of the Huron County Court of Common Pleas judgment, determining the complaint for eviction and damages of plaintiff-appellee, Peggy A. Bast, and the counterclaim and third-party claims arising

from an alleged breach of contract of defendant-appellant, Daniel P. Ryan, following a bench trial. Finding no error, we affirm.

## II. Background and Procedural History

{¶ 2} The parties' dispute largely concerns their former shared home.[1] Appellee moved into appellant's rental home in 2009. In 2011, appellee purchased the home from the landlord. The parties never married, but appellee continued to reside with appellant. After several years, the relationship deteriorated, and by 2018 appellee decided to sell the house. In the summer of 2018, appellee accepted an offer for purchase with a tentative closing date of November 7, 2018. After a first request to leave which appellant ignored, appellee served appellant with a 30-day notice to leave by certified mail on September 21, 2018. Appellant remained in the property.

{¶ 3} On October 25, 2018, appellee filed an eviction proceeding in the Norwalk Municipal Court. Appellee also sought damages for property damage allegedly caused by appellant.

{¶ 4} On October 30, 2018, appellant recorded a mechanics lien against the property, claiming $17,814.68 due for work on the premises beginning in 2011 and ending June 30, 2018, performed pursuant to an expectation of a life-long relationship with appellee and an understanding, or unwritten agreement.

---

[1] The parties provide few underlying facts within their respective briefs, and the record on appeal is limited. The facts pertinent to issues on appeal are taken from the pleadings, motions, and the trial court's entries in the record.

2.

{¶ 5} On November 9, 2018, appellee filed an amended complaint, adding a claim for slander of title, alleging an illegal and untimely mechanics lien.

{¶ 6} On November 15, 2018, the municipal court held a hearing in the eviction proceeding, with both parties in attendance. Appellee appeared with counsel and appellant represented himself. The municipal court found appellee was entitled to a writ of execution, granted the writ, and continued the matter for hearing on damages on January 4, 2019. Appellant subsequently moved out of the home.

{¶ 7} On December 10, 2018, appellant, appearing pro se, filed an answer to the amended complaint alleging he co-owned the property with appellee and the two verbally agreed that appellant would perform work to improve the property to increase the property's value prior to a potential sale. Appellant attached documentation to his pleading as support for his allegations, but no writing that referenced any agreement. The municipal court converted the damages hearing to a pretrial, and at appellant's request, scheduled the issue of damages for a jury trial.

{¶ 8} About a month before the scheduled trial date, appellant filed a pro se counterclaim seeking damages for breach of contract and costs exceeding $70,000. On April 19, 2019, the municipal court transferred the matter to the Huron County Court of Common Pleas, based on the amount of damages sought in appellant's counterclaim.

{¶ 9} On May 14, 2020, appellant, continuing pro se, filed an amended counterclaim, purporting to add claims for promissory estoppel, tortious interference, negligence, fraud, attempted embezzlement, misrepresentation, unjust enrichment, and

3.

defamation of character.  However, the pleading did not set forth enumerated causes of action, and the narrative alleged a verbal agreement for appellant to remodel the property, with other potential claims stated in relation to the breach of contract claim.  Appellee filed a motion to dismiss the amended counterclaim, which appellant opposed.  The motion was subsequently denied.[2]

{¶ 10} After discovery and an unsuccessful mediation, the assigned judge recused himself on July 20, 2020, and referred the matter for reassignment.  On August 25, 2020, the Ohio Supreme Court assigned a visiting judge to preside over the remainder of the case.  Appellant continued to represent himself and filed several pretrial motions.

{¶ 11} The matter proceeded before the visiting judge in a bench trial on December 29, 2020.  Appellee appeared through counsel and appellant appeared pro se. On January 4, 2021, the trial court entered judgment on appellant's counterclaim finding appellant "has not met his burden of proof on his claim for breach of contract or on any other claim set forth in his counterclaim" and found in favor of appellee on all claims, including the mechanics lien as lacking a valid, underlying contract claim.  The trial court also deemed appellee's eviction action moot, due to the fact appellant moved out of the premises, and found in appellant's favor as to appellee's claim for damages.

---

[2] The trial court entered its denial of the motion to dismiss by judgment entry on January 12, 2021, after the judgment in the bench trial was entered.

{¶ 12} On February 4, 2021, appellant filed a notice of appeal of the trial court's judgment.[3] Appellant did not request a trial transcript for his appeal. Appellee did not file a cross appeal as to her claims.

{¶ 13} On March 17, 2021, appellant filed a motion seeking appointed counsel for the appeal, which we denied. On May 3, 2021, we remanded the matter to permit appellant to file his proposed App.R. 9(C) statement or a transcript. Appellant filed neither a statement nor a transcript. On May 17, 2021, appellant filed a "narrative appeal brief," which we construed as his appellate brief. Appellee then filed her brief.

{¶ 14} We scheduled the matter for oral argument on February 9, 2022. On January 25, 2022, appellant filed a motion seeking to supplement the record with a transcript and seeking to file an amended brief. Appellee opposed the motion.

{¶ 15} On February 1, 2022, we denied the motion to supplement, noting the opportunity granted to appellant at the inception of his appeal and his failure to take any action until days before the scheduled oral argument. The matter proceeded to oral argument as scheduled, and is now decisional.

---

[3] Prior to his appeal, appellant filed a motion for reconsideration, with no ruling by the trial court. After filing his appeal, appellant filed a motion for default judgment on his counterclaim.

5.

### III. Assignments of Error

{¶ 16} In challenging the trial court's judgment, appellant presents his assignments of error in narrative form as part of his argument. Based on this narrative, appellant raises the following as error:

1. The trial court denied defendant due process

a. Appellant "felt pressured" or "unauthorized" to call all of his proposed witnesses

b. The trial court limited appellant's questioning of witnesses, and did not provide appellant sufficient time to proceed with his case

2. The Trial Courts [sic] Ruling is not supported by the evidence presented

a. The evidence supported a finding that the parties entered into a valid agreement

b. Appellee's testimony was dishonest

### IV. Analysis

{¶ 17} Appellant's assigned error challenges the trial court's decisions during trial as limiting his ability to prosecute his claims, and additionally argues the trial court's judgment was against the weight of the evidence. As an initial matter, we note that appellant proceeds in this matter pro se. Despite this fact, "he is presumed to have knowledge of the law and of correct legal procedure and is held to the same standard as all other litigants." (Citation omitted.) *G.S. v. G.L.*, 6th Dist. Erie No. E-14-136, 2015-

6.

Ohio-4407, ¶ 8. As a result, we afford appellant no greater rights, and he "must accept the results of [his] own mistakes." (Citation omitted.) *Baker v. Tarsha,* 6th Dist. Lucas No. L-04-1040, 2004-Ohio-6315, ¶ 2.

{¶ 18} In this case, appellant challenges the trial court's rulings at trial as a denial of due process and argues a lack of evidence to support the judgment. To resolve these claims, a trial transcript or a suitable alternative as provided by App.R. 9 is necessary. Appellant failed to include a transcript or suitable alternative in the record on appeal. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Baker* at ¶ 6, quoting *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

{¶ 19} Because appellant provided no trial record for our review of the trial court's rulings or the evidence adduced within that trial, we must "presume the regularity of the proceedings" at trial and find no error in the trial court's judgment on appellant's claims. *Baker* at ¶ 6. Accordingly, we find appellant's assignments of error not well taken.

## V. Conclusion

**{¶ 20}** Upon due consideration, we find substantial justice was done to the party complaining and the judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.


Thomas J. Osowik, J.                                              _____
                                                                     JUDGE


Gene A. Zmuda, J.                                                _____
                                                                     JUDGE


Myron C. Duhart, P.J.                                            _____
CONCUR.                                                                  JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.