OPINION
{¶ 1} This is a pro se appeal of a judgment on a defaulted promissory note. Appellants Diana and Jonathon Hill argue that the judgment against them is unconstitutional because the trial judge failed to notify them of their right to a jury trial prior to granting summary judgment. Appellants are incorrect concerning their perceived conflict between summary judgment proceedings and the right to a jury trial. The judgment of the Mahoning County Court of Common Pleas is affirmed.
 {¶ 2} On September 18, 2002, Appellee Sky Bank filed a complaint for judgment in the matter of a promissory note in the amount of $10,183.91, plus interest at the rate of 10.25% per annum. Appellee alleged that Appellants had defaulted on the note and that it was due and payable.
 {¶ 3} On October 24, 2002, Appellants filed a one-line pro se answer to the complaint, in which their response was "[w]e dispute this complaint."
 {¶ 4} On October 25, 2002, Appellee filed a motion for summary judgment, accompanied by an affidavit of Laura Rosten, a legal assistant officer of Sky Bank.
 {¶ 5} On December 2, 2002, Appellants filed a motion to dismiss. At no time did Appellants file any sort of response to Appellee's motion, nor did they provide any evidence pursuant to the Ohio Rules of Civil Procedure.
 {¶ 6} On June 2, 2003, the trial court filed its judgment entry, overruling Appellants' motion to dismiss and granting Appellee's motion for summary judgment.
 {¶ 7} Appellants filed this timely pro se appeal on July 2, 2003.
 {¶ 8} Appellants filed a two-page brief on appeal. They present no assignment of error, but generally allege that the trial judge should have told them about their right to a jury trial prior to granting Appellee's motion for summary judgment. They apparently believe that the procedural device of summary judgment is inconsistent with their right to a jury trial.
 {¶ 9} Although courts usually make certain allowances for pro se litigants, they are ultimately held to the same standards of conduct and are presumed to have the same knowledge of the law as litigants who are represented by counsel. Kilroy v. B.H.Lakeshore Co. (1996), 111 Ohio App.3d 357, 363, 676 N.E.2d 171;Meyers v. First Natl. Bank (1981), 3 Ohio App.3d 209, 210, 3 OBR 238, 444 N.E.2d 412. Although a trial judge wears many hats during litigation, in our adversarial legal system it is not the function of the judge to act as counsel for pro se litigants.Kilroy, supra, 111 Ohio App.3d at 363, 676 N.E.2d 171. A pro se litigant is also presumed to know the procedure for requesting a jury trial under Civ.R. 38(B), and that a failure to properly demand a jury trial constitutes a waiver of the right to a jury trial pursuant to Civ.R. 38(D). Id.
 {¶ 10} This case involves the trial court's decision to grant summary judgment. The standard of review for summary judgment actions applies to the issue raised in this appeal. A court of appeals subjects the trial court's decision to grant summary judgment to de novo review. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. In other words, a reviewing court applies the same standard on review of a motion for summary judgment as the trial court did when it granted the motion. Lorain National Bank v. Saratoga Apartments (1989),61 Ohio App.3d 127, 129, 572 N.E.2d 198. Summary judgment proceedings are governed by Civ.R. 56. Under Civ.R. 56, summary judgment is appropriate when the movant demonstrates that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 375 N.E.2d 46.
 {¶ 11} Civ.R. 56(C) provides that, before summary judgment may be granted, the trial court must determine that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to only one conclusion, and viewing the evidence most strongly in favor of the non-movant, the conclusion is adverse to that party. Osborne v. Lyles (1992), 63 Ohio St.3d 326, 327,587 N.E.2d 825, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 364 N.E.2d 267. Once again, Appellants are presumed to know and follow the Civil Rules.
 {¶ 12} It is evident from the record that Appellants fell far short of their burden in this matter. At no point did Appellants offer any real response to the motion for summary judgment. Appellants were required, to avoid summary judgment, to raise a question of fact in this matter. They never responded in any way to the request. Even if we construe their motion for dismissal as some kind of responsive filing, Appellants were absolutely required to present some evidence (affidavits, interrogatories, etc.) which cast doubt on the evidence introduced by Appellee. The rambling arguments of Appellants' themselves is wholly insufficient. Thus, the trial court was left with no choice, having no other evidence before it than that offered by Appellee, to grant Appellee's motion for summary judgment.
 {¶ 13} Although Appellants contend that the summary judgment process conflicts with their right to a jury trial, the Ohio Supreme Court has time and time again affirmed the application of summary judgment, noting that, "courts have not hesitated to grant such a motion where `it is plain that the record has been fully developed by depositions and affidavits * * * and such record demonstrates that, construing all the facts and inferences to be drawn therefrom in favor of the party against whom the judgment is entered, he would not be entitled to have a jury verdict stand * * *.'" Dupler v. Mansfield Journal Co., Inc.
(1980), 64 Ohio St.2d 116, 120, 413 N.E.2d 1187, quoting Time,Inc. v. McLaney (C.A. 5, 1969), 406 F.2d 565, 572.
 {¶ 14} There being no other discernible arguments presented in Appellants' brief, the judgment of the Mahoning County Court of Common Pleas is affirmed.
Donofrio, J., Vukovich, J., concurs.