DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made: *Page 2 
 {¶ 1} Appellant, Fair Housing Advocates Association, Inc., appeals from the judgment of the Wayne County Court of Common Pleas in favor of Appellee, Dean Chance. This Court affirms.
 I. {¶ 2} This appeal arises out of a complaint filed by Samantha Burkhart and Appellant, Fair Housing Advocates Association, Inc. ("FHAA"), against Appellee, Dean Chance ("Chance"), alleging familial status discrimination. The complaint arose out of Burkhart's allegation that Chance refused to rent an apartment to her because she had too many children. Burkhart sought the assistance of FHAA, a non-profit organization that assists tenants and prospective tenants who believe they have been unfairly discriminated against. Prior to filing suit, FHAA had conducted an investigation and determined that Burkhart's allegations were true. Burkhart and FHAA then submitted a charge affidavit to the Ohio Civil Rights Commission ("OCRC"). The OCRC conducted an investigation and ultimately determined that it was probable that Chance had illegally discriminated against Burkhart on the basis of familial status.
 {¶ 3} Burkhart and FHAA filed a complaint in November of 2005 against Chance alleging that he had committed various violations of Ohio's Fair Housing Law. On June 5, 2006, Chance filed a motion to dismiss FHAA, asserting that FHAA lacked standing. FHAA responded in opposition. On July 25, 2006, the magistrate issued a proposed decision granting the motion to dismiss. On August 8, 2006, FHAA filed objections to the magistrate's decision. On August 30, 2005, *Page 3 
the trial court issued an order affirming the magistrate's decision and overruling FHAA's objections. FHAA timely appealed the trial court's order raising one assignment of error for our review. This Court dismissed the appeal several times for failure to comply with appellate and local rules. FHAA ultimately filed a brief that complied with this Court's orders.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRONEOUSLY DISMISSED [FHAA] AS A PARTY FOR LACK OF STANDING."
 {¶ 4} In FHAA's sole assignment of error, it contends that the trial court erroneously dismissed it as a party for lack of standing. We disagree.
 {¶ 5} A person has standing to sue only if he or she can demonstrate injury in fact, which requires showing that he or she has suffered or will suffer a specific, judicially redressible injury as a result of the challenged action. Eng. Technicians Assn., Inc. v. Ohio Dept. ofTransp. (1991), 72 Ohio App.3d 106, 110-111. In order to demonstrate an injury in fact, a party must be able to demonstrate that it has suffered or will suffer a specific injury traceable to the challenged action that is likely to be redressed if the court invalidates the action or inaction. In re Estate of York (1999), 133 Ohio App.3d 234, 241. In addition, a party must demonstrate that the interest he or she seeks to protect "`is arguably within the zone of interests *Page 4 
to be protected or regulated by the statute or constitutional guarantee in question.'" State ex rel Dayton Newspapers v. Phillips (1976), 46 Ohio St.2d 457, 459, quoting Data Processing Serv. v. Camp (1970), 397 U.S. 150, 153.
 {¶ 6} In the trial court and now on appeal, FHAA has asserted that it suffered an "injury in fact" because it divested resources in its investigation into Burkhart's allegations against Chance. FHAA points out that this diversion of resources necessarily reduced the resources available to conduct other activities, thereby impairing those other activities. FHAA contends that this averment is sufficient to demonstrate a distinct and palpable injury.
 {¶ 7} The trial court disagreed, instead determining that FHAA lacked standing because it failed to demonstrate that it had a personal stake in the litigation. Because FHAA only investigated the allegation and advised Burkhart about her rights, the trial court reasoned that there was no independent cause of action it could bring under Ohio law. The court found that FHAA's standing was derivative of Burkhart's standing and that she was the only person who could pursue allegations of familial status discrimination against Chance.
 {¶ 8} The complaint at issue herein was based solely on Ohio's Fair Housing Law, which is set forth under R.C. 4112.02(H). The Federal Fair Housing Law is set forth under 42 U.S.C. 3616(a). R.C. 4112.02 prohibits unlawful discriminatory practices and provides in pertinent part:
"It shall be an unlawful discriminatory practice:
 "(H) For any person to do any of the following: *Page 5 
 "(1) Refuse to sell, transfer, assign, rent, lease, sublease, or finance housing accommodations, refuse to negotiate for the sale or rental of housing accommodations, or otherwise deny or make unavailable housing accommodations because of race, color, religion, sex, familial status, ancestry, disability, or national origin[.]"
 {¶ 9} Under R.C. 4112.05(B)(1), any "person" may file a charge with the OCRC alleging that another "person" has engaged in or is engaging in an unlawful discriminatory practice under R.C. 4112.02(H). However, R.C.4112.051(A)(1) limits enforcement of alleged housing discrimination to "aggrieved persons", and only permits "aggrieved persons" to file a civil action in common pleas court for enforcement of rights granted to them by R.C. 4112.02(H). R.C. 4112.01(A) defines "person" as
 "one or more individuals, partnerships, associations, organizations, corporations, legal representatives, trustees, trustees in bankruptcy, receivers, and other organized groups of persons. `Person' also includes, but is not limited to, any owner, lessor, assignor, builder, manager, broker, salesperson, appraiser, agent, employee, lending institution, and the state and all political subdivisions, authorities, agencies, boards, and commissions of the state."
R.C. 4112.01 provides no definition for "aggrieved persons".
 {¶ 10} Federal Fair Housing law similarly limits enforcement to "aggrieved persons" and provides that "[a]n aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice, * * *, to obtain appropriate relief with respect to such discriminatory housing practice[.]" 42 U.S.C. 3613(a)(1)(A). Like Ohio Fair Housing law, under Federal Fair Housing law "person" includes "associations" and "corporations". *Page 6 42 U.S.C. 3602(d). However, in contrast to Ohio Fair Housing law, Federal Fair Housing law provides a definition for "aggrieved person". Under Federal Fair Housing law, "aggrieved person" is defined as "any person who * * * claims to have been injured by a discriminatory housing practice."42 U.S.C. 3602(i)(1).
 {¶ 11} The complaint filed by Burkhart and FHAA alleged that Chance had violated R.C. 4112.02(H)(1) by discriminating against Burkhart on the basis of familial status. Burkhart and FHAA claimed that Chance's actions in discriminating against Burkhart constituted an impermissible interference with their rights regarding housing.
 {¶ 12} Ohio's Fair Housing law differs from the Federal Fair Housing law in a significant way. The federal law expressly provides for private enforcement by "private fair housing enforcement organizations."42 U.S.C. 3616a(c)(2). In contrast, Ohio's Fair Housing law provides for enforcement by the Attorney General. R.C. 4112.051(A)(2)(b) provides:
 "Upon receipt of a timely mailed election to have the alleged unlawful discriminatory practices addressed in a civil action, the commission shall authorize the office of the attorney general to commence and maintain the civil action in the court of common pleas of the county in which the alleged unlawful discriminatory practices occurred. Notwithstanding the period of limitations specified in division (A)(1) of this section, the office of the attorney general shall commence the civil action within thirty days after the receipt of the commission's authorization to commence the civil action."
 {¶ l3} R.C. 4112.052 discusses the Attorney General's powers when a pattern of housing discrimination exists and states: *Page 7 
 "Whenever the Ohio civil rights commission has reasonable cause to believe that any person or persons are engaged in a pattern or practice of resistance to a person or persons' full enjoyment of the rights granted by division (H) of section 4112.02 of the Revised Code, or that any group of persons has been denied any of the rights granted by that division and the denial raises an issue of public importance, the commission may refer the matter to the attorney general for commencement of a civil action in a court of common pleas. The attorney general may seek any preventive relief considered necessary to ensure the full enjoyment of the rights granted by that division, including a permanent or temporary injunction or temporary restraining order."
Further, R.C. 4112.051(A)(1) provides for appointed counsel without cost for an "aggrieved person" if that person makes a proper showing and the circumstances warrant such an appointment.
 {¶ 14} The Ohio legislature could have provided for enforcement of Ohio's Fair Housing laws by private enforcement agencies, i.e. FHAAs. The statutes reflect that the legislature chose a different method for enforcement. Accordingly, there is no need for private enforcement under Ohio's Fair Housing laws.
 {¶ 15} Furthermore, the Ohio legislature could have provided a definition for "aggrieved persons" or, simply adopted the Federal Fair Housing law definition. It did not. As FHAA cannot demonstrate that it is an "aggrieved person" under Ohio's Fair Housing laws, it cannot, therefore, demonstrate that it has suffered a judicially redressible injury as a result of Chance's alleged discriminatory action. As R.C.4112.051(A)(1) limits enforcement of alleged housing discrimination to "aggrieved persons", and only permits "aggrieved persons" to file a civil action in common pleas court for enforcement of rights *Page 8 
granted to them by R.C. 4112.02(H), the FHAA lacks authority to pursue this action. Eng. Technicians Assn., Inc., 72 Ohio App.3d at 110-111;Estate of York, 133 Ohio App.3d at 241. Consequently, FHAA cannot demonstrate that it has standing to pursue this action. FHAA's sole assignment of error is overruled.
 III. {¶ 16} FHAA's assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 9 
Costs taxed to Appellant.
CARLA MOORE FOR THE COURT
 WHITMORE, J. DICKINSON, J. CONCUR *Page 1