[Cite as *Yeager v. Moody*, 2014-Ohio-2931.]

STATE OF OHIO, CARROLL COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ANN M. YEAGER, | ) | |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | CASE NO. 13 CA 884 |
| V. | ) | |
| | ) | OPINION |
| PAUL MOODY AND VISTA WINDOW CO., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from Court of Common
                               Pleas of Carroll County, Ohio
                               Case No. 11CVH26833

JUDGMENT:                      Reversed in part
                               Affirmed in part

APPEARANCES:
For Plaintiff-Appellant        Ann Yeager, Pro-se
                               3546 Steubenville Road, SE
                               Amsterdam, Ohio 43903


For Defendant-Appellee         Attorney Jennifer L. Thomas
Paul Moody                     26 Second Street SE
                               P.O. Box 235
                               Carrollton, Ohio 44615


For Defendant-Appellee         Attorney Douglas W. Ross
Vista Window Company, LLC      1129 Niles-Cortland Road, SE
                               Warren, Ohio 44484



JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: June 20, 2014

DONOFRIO, J.

{¶1}   Plaintiff-appellant Ann Yeager appeals a decision of the Carroll County Common Pleas Court dismissing her claims against defendants-appellees Paul Moody and Vista Window Company for lack of standing.

{¶2}   Proceeding pro se, Yeager sued Paul Moody (d.b.a. PJ Moody Builders) and Vista Window Company arising out of the purchase and installation of windows in her mother's home. She set forth numerous claims each stemming from her general allegation that Vista defectively designed and manufactured the windows, and that Moody defectively installed them.

{¶3}   Initially, the trial court dismissed Yeager's complaint for failure to pay the filing fee and for problems regarding her affidavit of indigence. Yeager appealed and this court reversed and remanded finding that she was entitled to notice and a hearing with respect to her status as an indigent prior to dismissal. *Yeager v. Moody*, 7th Dist. No. 11 CA 874, 2012-Ohio-1691.

{¶4}   Following remand and in October 2012, Vista and Moody each filed motions for summary judgment. Vista defended its manufacture of the windows, pointed out that another company designed the windows, and argued that Yeager lacked standing to bring her mother's claim. Its motion was well-supported with Yeager's responses to interrogatories, numerous exhibits, and an affidavit from John Matulek, Vista's national service manager who inspected the windows in response to the lawsuit. Moody defended its installation of the windows and supported its motion with numerous exhibits as well as Yeager's responses to interrogatories.

{¶5}   Yeager filed numerous motions to delay trial and extend the time to respond to the summary judgment motions for an indefinite period while she pursued further discovery and prepared for trial.

{¶6}   Yeager never responded to the motions and on December 20, 2012, the trial court granted judgment in favor of Moody and Vista and dismissed Yeager's complaint. The court acknowledged that there may be genuine issue of material fact concerning the installation of the windows by Moody, but that Vista had presented unrebutted evidence that the windows were not defectively manufactured.

Nevertheless, the court found that, concerning all of Yeager's claims, she lacked standing to pursue them since the windows were purchased and installation of the windows in Yeager's mother's home was directed by Yeager's mother and not her. This appeal followed.

{¶7} Still proceeding pro se, Yeager sets forth eight assignments of error in an appellate brief from which it is difficult to discern comprehensible arguments. As Yeager's first two assignments or error concern her standing to bring the underlying action and are largely dispositive of this appeal, they will be addressed together. They state, respectively:

> Trier-of-fact erred—in granting defendants' summary judgments—by reducing plaintiff's proper standing—from general contractor to agent.

> Trier-of-fact erred—in granting defendants' summary judgments—by nullifying contract between plaintiff and property-owner-parent.

{¶8} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, at ¶ 24. Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1976); Civ.R. 56(C).

{¶9} Of particular relevance to this appeal, Civ.R. 56(E), provides, in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response,

by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

**{¶10}** The situation presented by this case is very similar to the one presented to this court in *Sky Bank v. Hill*, 7th Dist. No. 03 MA 114, 2004-Ohio-3046. *Hill* too involved a pro se litigant who failed to respond to a summary judgment motion. This court first pointed out that "[a]lthough courts usually make certain allowances for pro se litigants, they are ultimately held to the same standards of conduct and are presumed to have the same knowledge of the law as litigants who are represented by counsel." *Id.* at ¶ 9, citing *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363, 676 N.E.2d 171 (8th Dist.1996) and *Meyers v. First Natl. Bank*, 3 Ohio App.3d 209, 210, 444 N.E.2d 412 (1st Dist.1981).

**{¶11}** In response to appellant's failure to respond to a summary judgment motion filed by the opposing party, this court went on to observe:

It is evident from the record that Appellants fell far short of their burden in this matter. At no point did Appellants offer any real response to the motion for summary judgment. Appellants were required, to avoid summary judgment, to raise a question of fact in this matter. They never responded in any way to the request. Even if we construe their motion for dismissal as some kind of responsive filing, Appellants were absolutely required to present some evidence (affidavits, interrogatories, etc.) which cast doubt on the evidence introduced by Appellee. The rambling arguments of Appellants' themselves is wholly insufficient. Thus, the trial court was left with no choice, having no other evidence before it than that offered by Appellee, to grant Appellee's motion for summary judgment.

*Id.* at ¶ 12.

**{¶12}** Therefore, like in *Hill*, based on Yeager's failure to respond to Vista's and Moody's motions for summary judgment, the trial court was left with no choice, having no other evidence before it than that offered by Vista and Moody, but to grant their motions for summary judgment.

**{¶13}** As already indicated, if the nonmovant does not respond to the motion, summary judgment, *if appropriate*, shall be entered against the party. Civ.R. 56(E). In other words, despite the nonmovant's failure to respond to the summary judgment motion, summary judgment must still be otherwise appropriate in order for the trial court to grant the motion. And, here, summary judgment was appropriate.

**{¶14}** "A person who is not a real party in interest generally lacks standing to invoke the jurisdiction of the court to litigate a matter before that court." *Natl. City Mtge. v. Piccirilli*, 7th Dist. No. 08 MA 230, 2011-Ohio-4312, ¶ 23, citing *State ex rel. Dallman v. Court of Common Pleas, Franklin Cty.* (1973), 35 Ohio St.2d 176, 178, 298 N.E.2d 515. The concept of standing is addressed by Ohio's Rules of Civil Procedure. Civ.R. 17(A) requires that an action be brought "in the name of a real party in interest." This means one who is "directly benefited or injured by the outcome of the case rather than merely having an interest in the action itself." *State ex rel. Sinay v. Sodders*, 80 Ohio St.3d 224, 226, 685 N.E.2d 754 (1997). An injury in fact is one that is specific, traceable to the subject matter of the suit, and capable of being redressed by the court. *Fair Hous. Advocates Assn., Inc. v. Chance,* 9th Dist. No. 07CA0016, 2008-Ohio-2603, at ¶ 5.

**{¶15}** "The purpose of [the real party in interest] rule is so the defendant can avail himself of evidence and defenses that the defendant has against the real party in interest, to assure the defendant of the finality of the judgment, and to protect the defendant against another suit brought by the real party in interest on the same matter. When an action is prosecuted in the name of the real party in interest, and that party is awarded judgment, the party against whom the judgment is awarded is protected from the possibility of multiple judgments against him." (Internal Citations

Omitted.) *Myers v. Evergreen Land Dev. Ltd.,* 7th Dist. No. 07 MA 123, 2008-Ohio-1062, at ¶ 13.

{¶16} In this case, Yeager has no standing because she has not suffered any injury or damages. The windows were purchased from a retailer by her mother and paid for by her mother. They were installed in her mother's home. The installer, Moody, was paid by her mother.

{¶17} Yeager's claim that she was an independent contractor for her mother fails for two reasons. First, she did not present any evidence of such a relationship and the payments made by her mother to the retailer and installer belies this claim. Second, even if she was acting as an independent contractor, she still did not demonstrate how she suffered any injury or damages.

{¶18} In sum, the trial court properly entered summary judgment in Vista's and Moody's favor where, after construing the evidence most strongly in Yeager's favor, there was no genuine issue as to any material fact, Vista and Moody were entitled to judgment on Yeager's complaint as a matter of law, and reasonable minds could come to but one conclusion, and that conclusion was adverse to Yeager.

{¶19} Accordingly, appellant's first and second assignments of error are without merit.

{¶20} Yeager's third, fourth, fifth, sixth, and seventh assignments of error state, respectively:

> Trier-of-fact erred—in granting defendants' summary judgments—by failing to review evidence in Exhibit thumb drive, and whole testimony of each parties' interrogatories.

> Trier-of-fact erred—in granting defendants' summary judgments—by failing to consider depositions of plaintiff's five fact & expert witnesses—whereby, for knowledge—trier could have, sua sponte reversed his decision—or denied defendants' summary judgments.

Trier-of-fact erred—in denying plaintiff extension of time—to file affirmative summary judgment motion—which said Civil Rule requires deposition & affidavits—to prove.

Trier-of-fact erred—in failing to grant plaintiff relief from case-management schedule—move trial to a date considering—plaintiff's substantive rights—by failing to find case-management-conference's meeting-of-minds—was subject to contract law—which, for contract law's 'failure to consider'—afforded plaintiff right to relief, from said agreed trial date.

Trier-of-fact erred—in failing to review sufficiency of P/A evidence—remitted (6-8-12) in thumb drive exhibit of 94 videos. Said videos sufficed CR34's required actions for providing land entry. In nexus, Vista's actual scant viewing—at land entry, proved said video exhibits fulfilled land entry. TOF therefore—erred in granting Vista land-entry costs. Question whether error—rises to level of abuse of discretion.

{¶21} Each of these assignments of error is directed towards the merits of Yeager's claims, assuming she had standing. However, standing is a jurisdictional prerequisite which, if found lacking, precludes reaching the merits of a suit. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 23. Because Yeager lacked standing to bring this action, these assignments of error are rendered moot. App.R. 12(A)(1)(c).

{¶22} Yeager's eighth and final assignment of error states:

Trier-of-fact erred—in citing plaintiff's socio-economic status in 10-2-2012 order—in nexus with facts beyond plaintiff's control; and erred in assessing indigent plaintiff costs—in 12-10-12 order—which conflicted with 4-23-12 order (waiving plaintiff costs)—where plaintiff's

financial status did not change—during proceedings (or second appeals).

**{¶23}** In an entry filed after this court's remand, the trial court, on March 30, 2012, noted that Yeager had subsequently filed other documents which satisfied it that she may file the action as an indigent without paying a filing fee. In a later entry dated October 2, 2012, the trial court stated, "The court notes with some concern that the plaintiff repeatedly asserts her indigency as a reason for her failure to comply with applicable procedural rules, while she reports that she purchased expensive windows and proposes video depositions for which she must compensate both a court reporter and a videographer."

**{¶24}** This entry seems to indicate that the trial court may have been questioning Yeager's indigency status or having second thoughts about its previous finding of her indigency. However, it never filed a subsequent judgment entry finding that Yeager was not indigent or explicitly revoking her indigency status. Nonetheless (and perhaps simply the result of an oversight), in its October 10, 2012 entry disposing of this case, the trial court noted that the case was dismissed with prejudice "at plaintiff's costs." Therefore, based on the trial court's undisturbed finding of Yeager's indigency, the court's entry disposing of this case and assessing costs against Yeager was in error.

**{¶25}** Accordingly, Yeager's eighth assignment of error has merit.

**{¶26}** That portion of the trial court's judgment assessing Yeager costs is reversed and, based on the trial court's March 30, 2012 finding of Yeager's indigency, modified to reflect that no costs are assessed against Yeager. The judgment, in all other respects, is affirmed.

Vukovich, J., concurs.

DeGenaro, P.J., concurs.