[Cite as *G.S. v. G.L.*, 2015-Ohio-4407.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

G.S.                                              Court of Appeals No. E-14-136

　　　　Appellee                              Trial Court No. 2003-SU-155

v.

G.L.                                              **DECISION AND JUDGMENT**

　　　　Appellant                             Decided: October 23, 2015

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, Mary Ann
Barylski and Susan Ryan Brown, Assistant Prosecuting Attorneys,
for appellee.

G.L., pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal brought by appellant, G.L., pro se, from the judgment of

the Erie County Court of Common Pleas, Juvenile Division, which found him in

contempt of court for failing to comply with the purge conditions previously established

by the trial court.

{¶ 2} Appellant sets forth a single assignment of error and that is:

The Trial Court erred in not overruling the magistrate's decision when the evidence overwhelmingly indicated that the Defendant purged the condition of the "seek work order" because Defendant was working at the time of the order.

{¶ 3} The record reflects the following pertinent history of this appeal. On August 30, 2012, the trial court found appellant in contempt of court for willful failure to pay child support and ordered 30 days incarceration that would be suspended upon appellant satisfying specific purge conditions, including a seek work requirement.

{¶ 4} On March 8, 2013, a motion was filed by the Erie County Child Support Enforcement Agency, seeking imposition of the jail sentence. After a hearing before the magistrate, the motion was granted. Appellant filed objections to that decision. On November 17, 2014, the trial court affirmed the decision of the magistrate and found that appellant had not met the three purge conditions set forth in 2012. He was further ordered to begin his incarceration in the Erie County jail on January 7, 2015. It is from this judgment that appellant filed his notice of appeal.

{¶ 5} A trial court has broad discretion in contempt proceedings. *State ex rel. Ventrone v. Birkel*, 65 Ohio St.2d 10, 11, 417 N.E.2d 1249 (1981). Appellant is correct in asserting that the standard of review in these proceedings is an abuse of discretion. *Id.* The term "abuse of discretion" means that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450

2.

N.E.2d 1140 (1983). Appellant is also correct in his assertion that, when applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *Id.* However, this is precisely what he urges this court to do.

{¶ 6} Appellant argues that he did, in fact, comply with the purge conditions established by the court. In contrast, the findings of the trial court indicate that appellant failed to meet his burden of proof with respect to the required purge conditions.

{¶ 7} Appellant has not included or ordered a copy of the transcript from the proceedings below. His sole assignment of error concerning the judgment of the trial court requires a consideration of the evidence that was presented to the court. Therefore, appellant had the duty to provide a transcript to support his assignment of error.

{¶ 8} Despite the fact that appellant is a pro se litigant, he is presumed to have knowledge of the law and of correct legal procedure and is held to the same standard as all other litigants. *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363, 676 N.E.2d 171 (8th Dist.1996). In this case, the transcript is necessary for resolution of appellant's assigned error in which he argues that he presented evidence of compliance with the court's order. In the absence of a complete record that would include a transcript in this case, this court has no choice but to presume the validity of the lower court's proceedings, and affirm. *See Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

3.

**{¶ 9}** Therefore, appellant's assignment of error cannot be found well-taken. Appellant cannot identify in the record where the errors were to have occurred. *See* App.R. 12(A)(2).

**{¶ 10}** We, therefore, find appellant's sole assignment of error not well-taken, and affirm the judgment of the trial court.

**{¶ 11}** The judgment of the Erie County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                       _____
                                                   JUDGE

Thomas J. Osowik, J.          

                                         _____

Stephen A. Yarbrough, P.J.                                  JUDGE
CONCUR.

                                         _____
                                                   JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.