[Cite as *Sanford v. Griffin*, 2023-Ohio-1917.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
NOBLE COUNTY

DAVID G. SANFORD,

Plaintiff-Appellant,

v.

CHARLES GRIFFIN,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 NO 0491**

---

Civil Appeal from the
Noble County Court, Small Claims Division,
Noble County, Ohio
Case No. 21 CVI 150

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

David G. Sanford, *Pro se*, 601 Walnut Street, Caldwell, Ohio  43724, Plaintiff-Appellant
and

Charles Griffin, *Pro se*, Defendant-Appellee.  (No Brief filed).

Dated:  June 9, 2023

**Hanni, J.**

**{¶1}** Plaintiff-Appellant, David G. Sanford, appeals from a Noble County Court, Small Claims Division judgment in favor of Defendant-Appellee, Charles Griffin, on Appellant's claim that Appellee stole his personal property.

**{¶2}** Appellant and Appellee entered into an agreement whereby Appellant paid Appellee $10 per hour to perform renovation work at dilapidated properties owned by Appellant. Appellant also agreed to let Appellee live at one of the properties. Appellee was living in a camper on Appellant's West Street property. Appellant came to believe that Appellee was stealing from him and evicted him, without a court order, from that property in November 2021.

**{¶3}** On December 29, 2021, Appellant filed a small claims complaint against Appellee on an account owed. Appellant attached a list of items and their value that he alleged Appellee took from his property including such things as a chain saw, an extension ladder, a Jeep motor, a propane tank heater, and a table saw. (Complaint, Ex. C). The itemized list totaled $4,729.71. (Complaint, Ex. C). Appellant also attached a copy of his handwritten eviction notice instructing Appellee to leave the West Street property and leave all items there. (Complaint, Ex. B).

**{¶4}** The trial court held a trial on the complaint on January 25, 2022, where both parties appeared pro se. The trial court found it was undisputed that the parties entered into an agreement for Appellant to purchase dilapidated properties and for Appellee to work on them at a rate of $10 per hour. Occasionally, Appellee would reside at one of the properties. At issue here were properties located on Lewis Street and West Street. Appellee was residing at the West Street property in a camper while he worked on the renovations. Appellant presented a list of his damages and photographs of the West Street property. The court found that Appellant was unable to meet his burden for many of the items he alleged Appellee stole. It noted that Appellee testified that he left many of the items in the house and Appellant was unable to verify if he had checked for them or not. The court found that while both parties' testimony contained some inconsistencies, Appellant was unable to meet his burden of proof. The court further found it was

"unmoved" by Appellant's allegation of vandalism as it appeared to be demolition work for the remodeling Appellee was hired to do. Finally, the court found neither party indicated who was responsible for trash services so the court could not hold Appellee responsible for the trash on the work site. Thus, the court entered judgment in favor of Appellee and dismissed the complaint.

{¶5} Appellant filed a timely notice of appeal on February 23, 2022. He is proceeding with this appeal pro se.

{¶6} Appellant's appellate brief does not comply with several of the Ohio Rules of Appellate Procedure. App.R. 9(B); App.R. 16(A). He does not cite any law nor does he present any assignments of error.

{¶7} A pro se appellant is held to the same obligations and standards set forth in the appellate rules that apply to all litigants. *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363, 676 N.E.2d 171 (8th Dist.1996). Despite Appellant's lack of compliance with the Appellate Rules, in the interest of justice, we will consider his argument.

{¶8} As can be gleaned from his brief, Appellant's argument is that the trial court's judgment is not supported by the weight of the evidence. He argues the trial court failed to consider various receipts, photographs, and eyewitness testimony that he believes proved his claims.

{¶9} The civil manifest weight of the evidence standard provides that judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Const. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus. The reviewing court is obliged to presume that the findings of the trier of fact are correct. *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80-81, 461 N.E.2d 1273 (1984). This presumption arises in part because the fact-finder occupies the best position to watch the witnesses and observe their demeanor, gestures and voice inflections and to utilize these observations in weighing credibility. *Id.* at 80. A reviewing court should not reverse a decision simply because its opinion differs from the finder of fact's opinion concerning the credibility of the witnesses and evidence submitted. *Id.* at 81. "A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." *Id.*

{¶10}  In order to review a claim that the trial court's judgment is against the weight of the evidence, this court would need to review the trial transcript.

{¶11}  Appellant failed to file a transcript of the trial for our review.  The appellant bears the burden of demonstrating error by reference to the record of the proceedings in the trial court, and it is the appellant's duty to provide the reviewing court with a transcript. App.R. 9(B).  "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm."  *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

{¶12}  Appellant's arguments are all based on the facts of the case and rely on evidence that the trial court either considered or that he claims the court should have considered.  Given the lack of transcript of the trial in this case, we have no way to review Appellant's claims.  Therefore, we have no choice but to presume the validity of the trial court's judgment and affirm.

{¶13}  Accordingly, Appellant's argument is without merit and is overruled.

{¶14}  For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.
D'Apolito, P.J., concurs.

Case No. 22 NO 0491

[Cite as *Sanford v. Griffin*, 2023-Ohio-1917.]

_____

For the reasons stated in the Opinion rendered herein, Appellant's argument is overruled and it is the final judgment and order of this Court that the judgment of the Noble County Court, Small Claims Division, Noble County, Ohio is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**